## Shanklin v. The City of Evansville.

REAL ESTATE.—*Action to Quiet Title.—Cities and Towns.—Public Street.—Dedication.*—The owner of certain real estate within the limits of a city laid it out in lots and streets, as an addition to such city, and prepared, and caused to be recorded in the recorder's office of the county wherein it was situated, a plat designating the different lots and streets and their dimensions, and sold and conveyed certain of such lots, fronting upon one of such streets, to persons who made valuable improvements thereon; and such city, after permitting such street to be used for the bed of a canal, upon the abandonment of the latter, caused it to be filled up, improved and used as a public street.

*Held,* in an action by such owner, against such city, to quiet the title in him to such street, that he had dedicated the same to the use of the public, and can not recover.

From the Vanderburgh Circuit Court.

*A. Dyer,* for appellant.

*A. Iglehart* and *J. E. Iglehart,* for appellee.

PERKINS, J.—We take the statement of the case and the special finding of the court, from the printed brief of appellant, after comparison with the record:

" This was an action brought by the appellant, against the appellee, to quiet title to certain real estate in the city of Evansville, described in the complaint. The complaint is special in its allegations, which are to the effect that the the plaintiff was, in 1837, the owner of certain land therein mentioned, and that, at that time, he platted the same as an enlargement to the city. A copy of the plat is made an exhibit to the complaint, and it is alleged that the space between blocks 3, 8, 15, 20, 42 and 47, on the one side, and 4, 7, 16, 19, 43 and 46, on the other, and marked ' Central Canal,' excepting eighteen and three-fourths feet on each side thereof, was, by the said platting and the recording of said plat, dedicated to the use of the Wabash and Erie Canal, and that a canal had been constructed therein, but had been long since abandoned, whereby the space described and so dedicated had reverted to the plaintiff. And that the defendant pretends to

claim some interest and is disturbing the plaintiff's possession.

"The defendant answered in two paragraphs, both special, admitting that the plaintiff was the owner of the lands mentioned; that he platted the same and recorded the plat, and that the canal was afterwards built, used and abandoned, substantially as alleged, but that the whole space between the said several blocks, being ninety-seven feet in width, was, by said plat, dedicated, not to the use of the canal, but to the use of the city, as and for a street, and in which the canal might be constructed; and that, by the terms of the schedule attached to said plat, said space was designated as 'Central Canal Street, ninety-seven feet wide,' and the same thereby became a public street. And that, after said abandonment, the city, in the year 1854, filled up said canal, and commenced, and had continued from that time to the present, to occupy and use as a street said space; that the same had been improved and had had placed thereon sidewalks, and had buildings and improvements abutting thereon as a street; and that the plaintiff had long since sold and conveyed his interest in all the lots abutting upon said street, and that all his interest therein was thereby extinguished.

"After a demurrer, assigning the want of sufficient facts, was overruled, the plaintiff filed a reply in denial.

"The case was submitted to the court, which, in addition to the general finding for the defendant, at its request found specially as follows:

"'1st. That, prior to the 16th day of October, 1837, the plaintiff was the owner in fee of the tract of land in controversy in this suit.

"'2d. That, on that day, the plaintiff, with Robert M. Evans and others, adjoining proprietors, laid off, by proper metes and bounds, "The Eastern Enlargement of the City of Evansville," which included the tract of land claimed by plaintiff in this suit, in town lots, streets and

alleys, and platted and recorded the same in the recorder's office of Vanderburgh county; that, since the recording of said plat of said enlargement of the city of Evansville, the plaintiff has sold and conveyed to others one-half of the lots, marked and designated on said plat, adjoining the land claimed by the plaintiff in this suit, and still owns the other half of said lots.

"'3d. That the tract of land in controversy, that is, that part of land designated on said plat of The Eastern Enlargement of the City of Evansville as Canal street, was, soon after it was platted and recorded, with the consent of the defendant, used and occupied by the Wabash and Erie Canal as the southern terminus of said canal in the city of Evansville; that the canal was abandoned, and about the year 1854 the defendant commenced filling up the same, and continued from year to year thereafter filling, until it was completed from Second to Eighth streets, about the time or shortly before the commencement of this suit, and that a number of the purchasers of lots on said Canal street have erected buildings, including a valuable public school-house, fronting on said Canal street, and that said Canal street has, since the defendant commenced filling up the same, been kept open and improved by the defendant as a public street, and so used and treated by the public.

"'And I find, as a conclusion of law upon the facts above found, that there was a dedication by the plaintiff, to the public, of the real estate in the plaintiff's complaint mentioned, as a public street, and that the defendant is entitled to the possession of the same, to be kept open, improved and maintained as a public street.'"

We think the conclusion of law, upon the special finding of facts, is correct.

Affirmed, with costs.