No. 7944.

THE CITY OF LOGANSPORT ET AL. *v.* SHIRK.

WABASH AND ERIE CANAL.—*Title of State in Land Appropriated.—Stare Decisis.—Supreme Court.*—The decision of the Supreme Court in *Water Works Co.* v. *Burkhart*, 41 Ind. 364, that the State acquired a title in fee simple to the lands appropriated for the construction of the Wabash and Erie Canal, is adhered to under the rule of *stare decisis*.

SAME.—*Construction of Canal in Public Street.—Abandonment of Canal.—Revival of Original Easement.*—Where the State entered upon and constructed

the Wabash and Erie Canal in and through a public street in the town, now city, of Logansport, the easement of the public and abutting lot owners in such street was not thereby destroyed, but remained in abeyance merely during the occupancy and use of the street for the purposes of such canal; and upon the subsequent abandonment of the canal, when the street was no longer occupied or used by or for such canal, the original easement of the public and the private rights of abutting lot owners at once revived and became effective in, on and over such street.

From the White Circuit Court.

*M. Winfield, J. C. Nelson, D. Turpie, A. Gilchrist* and *C. Denby,* for appellants.

*N. O. Ross, R. Magee, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, S. Claypool, H. C. Newcomb, W. A. Ketcham, H. C. Gooding, C. Buchanan* and *J. S. Buchanan,* for appellee.

HOWK, J.—This suit was commenced by the appellee against the appellants, in the Cass Circuit Court, to quiet the title to certain real estate, particularly described, within the limits of the city of Logansport, in Cass county, and to obtain an injunction. The cause was put at issue and tried by a jury, and a verdict was returned for the appellants, the defendants below. On the appellee's motion a new trial was granted, with leave to the parties to amend their pleadings, and on his further motion the venue of the action was changed to the court below.

In this latter court the appellee filed an amended complaint in three paragraphs, making new parties defendants. Answers and replies were filed by the parties respectively, and the cause being at issue was again tried by a jury, and a general verdict was returned for the appellee, " and that his title to the real estate, described in his complaint, be quieted." With their general verdict the jury also returned into court their special findings on particular questions of fact submitted to them by the parties under the direction of the court. The appellant, the City of Logansport, separately moved the court for a judgment in its favor, on the special findings of the jury, notwith-

standing their general verdict; which motion was overruled, and to this ruling it excepted. A similar motion by all the appellants jointly was also overruled by the court, and to this decision they jointly excepted. All the appellants jointly, and the City of Logansport separately, moved the court for a new trial, which motions were severally overruled, and exceptions were duly saved to these rulings, and final judgment was rendered for the appellee, on the general verdict, as prayed for in his complaint.

In this court numerous errors have been assigned jointly by all the appellants and separately by the appellant, the City of Logansport. We deem it unnecessary to set out in this connection an abbreviated statement even of these alleged errors, but such of them as may be considered in this opinion we will notice at the proper time.

We will first give a summary of the material facts of this case as we gather the same from the record. On the 3d day of September, 1828, Chauncey Carter caused the original plat of the town, now city, of Logansport to be recorded. On such plat, among other streets, there was designated a street known as Fifth street, thirty-three feet wide. On the 3d day of August, 1833, John Tipton laid off, platted and recorded his first addition to the town, now city, of Logansport, adjoining on the east Chauncey Carter's original plat of such town. In his recorded plat John Tipton laid off on the west side thereof forty-three feet, abutting upon and to be added to Fifth street, in Carter's original plat, and described in Tipton's plat as Fifth street, seventy-six feet wide. Between the years 1828 and 1835 Chauncey Carter and John Tipton sold and conveyed all the lots abutting on Fifth street, in the town, now city, of Logansport, to different parties with reference to such street, which was recognized, used and travelled as one of the streets of such town, and many of the purchasers of such lots had erected dwellings thereon and partially improved the same prior to the first day of June, 1835.

In the year 1835 the State of Indiana located and after-

wards constructed the Wabash and Erie Canal, upon and over the real estate described in appellee's complaint, then and before that time known and designated as Fifth street, in the town, now city, of Logansport, and being the same land laid off, platted and recorded as aforesaid, and dedicated to the public by Chauncey Carter and John Tipton, as Fifth street in such town. The contracts for or letting of the construction of such canal through the town of Logansport were made in 1835, and the construction of the canal on the land in controversy was begun in 1836. During the year 1836, the State of Indiana, by its commissioners, entered upon and took possession of Fifth street, in the town of Logansport, and commenced the construction of the canal therein. No damages were ever assessed, paid or tendered to the owners of the lots abutting on such street, or to the public, for the use and occupation of the street for the purposes of such canal. Nor did the town or city of Logansport, nor the owners of such abutting lots, then or at any time, release or relinquish to the State of Indiana, or to the trustees of the Wabash and Erie Canal, their rights or titles to, or interests in, such Fifth street as a public street or highway.

In the year 1839 the Wabash and Erie Canal was so far completed over Fifth street, the land in controversy, as to admit of boats passing over it for the purposes of navigation. On the 31st day of July, 1847, the State of Indiana conveyed such canal to the board of trustees of the Wabash and Erie Canal. From the time the State of Indiana took possession of Fifth street as aforesaid, until the conveyance of the canal as aforesaid to such board of trustees, the State continued in the possession of such street. From the time of such conveyance of the canal by the State, the board of trustees of the Wabash and Erie Canal were in possession of such canal, until the sale and conveyance thereof, on the 26th day of March, 1876, to William Fleming. This sale and conveyance of the canal were made to William Fleming, under and in pursuance of a decree of the Circuit Court of the United States for the dis-

trict of Indiana, in a suit in chancery by Jonathan K. Gapen against the board of trustees of the Wabash and Erie Canal.

On the 26th day of April, 1876, William Fleming conveyed to the appellee Elbert H. Shirk a section or part of the Wabash and Erie Canal, extending from a point at or near Lagro, in Wabash county, to the city of Lafayette, in Tippecanoe county, Indiana, and including the part of such canal constructed as aforesaid on Fifth street, in the town, now city, of Logansport. Since the date of his conveyance from Fleming, the appellee has been in the possession of the part of such canal described in such deed, exercising acts of ownership over the same, collecting rents for water-power and claiming title thereto.

In the year 1875 the Wabash and Erie Canal was abandoned as a canal; and Fifth street, in the town, then city, of Logansport, was no longer needed or used for canal purposes. The water was taken out of the canal, where it ran through Fifth street, and the street or canal had been partially filled up. Fifth street was then in the center of the city of Logansport. The appellee was claiming Fifth street, where it had been occupied by the Wabash and Erie Canal, as his private property, and was seeking to devote the same to his private purposes. On the other hand, the city of Logansport and the owners of lots abutting on Fifth street, the defendants below and the appellants here, claimed and claim that when the street was abandoned as a canal and was no longer needed, occupied or used for canal purposes, the original easement of the town or city of Logansport, of the owners of the abutting lots and of the general public, in and to the land within the limits of Fifth street, at once attached and revived, and the same became, as it had been before the location and construction of the canal thereon, a public street or highway within such town or city.

Upon the facts of this case, the substance of which we have given, it seems to us that the following questions are presented for decision:

1. What estate, title or interest did the State of Indiana acquire in and to the strip of land dedicated, known and used as Fifth street, and being one of the public streets, in the then incorporated town, now city, of Logansport, by the acts of the State's commissioners in entering upon, taking possession of and constructing the Wabash and Erie Canal in and through, such Fifth street?

2. Conceding that the State of Indiana, by such acts of its commissioners, acquired a fee-simple title or estate in and to such strip of land, was the original easement of the public then, and before that time, existing thereon as a public street, in the town of Logansport, absolutely destroyed or extinguished by the State's acquisition of such title or estate therein? Or, did such original easement of the public in such strip of land remain in abeyance or temporary suspension merely, for such period of time as the land was occupied and used for an exclusive purpose, inconsistent with the exercise of such public easement thereon, and no longer? And when, in 1875, the Wabash and Erie Canal was abandoned as a canal, and Fifth street ceased to be occupied or used for the exclusive purposes of a canal, did the original easement of the public in such street, at once revive and attach to the strip of land constituting the street, as an active and existing estate in the land, which the owner of the fee therein, whoever he might be, could neither obstruct nor destroy?

1. The first of these questions can not now be regarded as an open question, in this court, as the rule of *stare decisis* requires us to adhere to the former decisions of the court, wherein substantially the same question was considered and determined. *Water Works Co.* v. *Burkhart*, 41 Ind. 364; *Nelson* v. *Fleming*, 56 Ind. 310; *Cromie* v. *Board*, etc., 71 Ind. 208. In each of the cases cited it was held upon the the facts of the case, that the State of Indiana acquired a fee-simple estate, and not a mere easement, in the lands taken possession of, occupied and used by the State's commissioners, in the construction of the Wabash and Erie Canal. We ac-

quiesce in, rather than approve of, the doctrine of these cases upon the question first stated. This we do, not because the decision of the question, in either of the cases, meets the full approval of our judgments, but for the reason stated in the case last cited, that since the decision of the *Burkhart* case, 41 Ind. 364, "large rights may have been acquired on the faith of that decision, that would be utterly destroyed by over-ruling it. The case is one of the class to which the doctrine of *stare decisis* applies with all its force." *Rockhill* v. *Nelson*, 24 Ind. 422; *Goodtitle* v. *Kibbe*, 9 How. 471, 478; *Schori* v. *Stephens*, 62 Ind. 441.

2. But, while we acquiesce in the doctrine of *Water Works Co.* v. *Burkhart, supra*, and of the cases which follow it, as decisive of the question first above stated, we are not inclined to extend that doctrine beyond the single point decided, namely: that the State acquired a fee-simple estate, and not a mere easement, in the lands occupied and used by it in the construction of the Wabash and Erie Canal. Certainly, the rule of *stare decisis* does not require us to hold, in the case at bar, that the original easement of the public in the strip of land, dedicated as a public street by Chauncey Carter and John Tipton, under the name of Fifth street, in the recorded plats of the town of Logansport, was absolutely destroyed or extinguished by the State's acquisition of the fee-simple title or estate in and to such strip of land. Upon the execution and record of their respective plats the public acquired an easement only in the strip of land seventy-six feet wide, desig-nated as Fifth street on such plats, for such use as the public might lawfully make of such a street; while the fee-simple estate in such strip of land remained in the platting proprie-tors, and passed to their respective grantees of the lots abut-ting on such Fifth street. *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178; *Terre Haute, etc., R. R. Co.* v. *Scott*, 74 Ind. 29; *Ross* v. *Thompson*, 78 Ind. 90; *Sims* v. *City of Frank-fort*, 79 Ind. 446.

We are of the opinion that Fifth street remained a public

street of the town or city of Logansport, notwithstanding the acts of the State in entering upon, taking possession of, and constructing the canal in and through the strip of land previously dedicated to the use of the public as such street. The original easement of the public in such strip of land, as a street, remained in abeyance or temporary suspension merely, during the time the land was occupied and used for the exclusive purposes of the Wabash and Erie Canal, which occupation and use of the land were inconsistent with the exercise of the public easement therein, as a street. But when, in 1875, the Wabash and Erie Canal was abandoned as a canal, and Fifth street was no longer occupied or used for the purposes of such canal, it seems to us that the original easement of the public in such street at once revived and attached to the strip of land constituting the street, as an active and existing estate in the land, which the owner of the fee therein, whoever he might be, could not lawfully obstruct or destroy. This view of the case in hand is sustained, we think, by the decision of this court in *Shanklin* v. *City of Evansville,* 55 Ind. 240. . In that case the appellant sued the city to quiet his title to a part of a certain street, designated as Canal street on a plat, made and recorded by the appellant, of the Eastern Enlargement of the City of Evansville. The court below had found that, soon after the making and recording of such plat, Canal street was, with the consent of the city of Evansville, occupied and used by the Wabash and Erie Canal, as the southern terminus of the canal, in such city; that afterwards the canal was abandoned, and the city of Evansville commenced and continued from year to year, filling up such canal, until it was completed from Second .to Eighth streets about the time the suit was commenced; and that a number of the purchasers of lots on ·Canal street had erected buildings thereon, etc. Upon these and other facts found the trial court stated, as its conclusion of law, " that there was a dedication by the plaintiff, to the public, of the real estate in the plaintiff's

complaint mentioned, as a public street, and that the defend-ant is entitled to the possession of the same, to be kept open, improved and maintained as a public street "; and judgment was rendered accordingly. Upon the appeal to this court it was held that "the conclusion of law, upon the special finding of facts, is correct "; and the judgment below was affirmed.

In *Common Council of Indianapolis* v. *Croas*, 7 Ind. 9, it was held by this court that the laying out of an addition to a town, recording the plat and selling lots with reference to the adjoining streets and alleys, gave to the proprietors of those lots a private right, distinct from the claim of the public, which even the Legislature could not take away, unless to appropri-ate to a public use. The doctrine of this case has been recog-nized and approved in other decisions of this court. *Haynes* v. *Thomas*, 7 Ind. 38; *City of Logansport* v. *Dunn*, 8 Ind. 378; *Tate* v. *Ohio, etc., R. R. Co.*, 7 Ind. 479. Conceding that, in this case, there was an appropriation of Fifth street, by the State of Indiana, for a public use in the construction of the Wabash and Erie Canal, in and through such street; yet the record shows, as we have seen, that in 1875 the canal was abandoned as a canal, and the public use of the street, for the purpose of the appropriation, ceased and terminated.

Upon the facts of the case now before us we are of opinion that when the Wabash and Erie Canal was abandoned as a canal, and Fifth street was no longer occupied or used by or for such canal, the original easement of the public, and the private rights of the abutting lot owners, who are parties to this suit, at once revived and became effective in and over such street; and that the appellee, conceding him to be the owner of the fee in such street, is not entitled to have his title therein quieted as against the claims or interests of the appellants in such street.

It follows that the general verdict of the jury was not, as we think, sustained by sufficient evidence, and was contrary to law; and that, for these causes, the motions for a new trial ought to have been sustained. Many other questions have

been discussed by counsel, in this case, but the conclusion we have reached renders it unnecessary for us to consider them.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motions for a new trial, and for further proceedings not inconsistent with this opinion.