No. 13,372.

## FRANK ET AL. *v.* THE EVANSVILLE AND INDIANAPOLIS RAILROAD COMPANY.

CANALS.—*Wabash and Erie.—Title to Lands Taken by.—Easement.*—Where lands were taken, occupied and used under the laws which provided for the construction of the Wabash and Erie Canal, the estate acquired therein was an estate in fee simple, and not a mere easement.

From the Pike Circuit Court.

*E. A. Ely* and *J. W. Wilson,* for appellants.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellee.

HOWK, J.—In this case, the only error complained of here by appellants, the plaintiffs below, is the ruling of the circuit court, sustaining appellee's demurrer to the plaintiffs' complaint. This error calls in question the sufficiency of the facts stated in such complaint to constitute a cause of action in plaintiffs' favor, and against the defendant below. The complaint was substantially as follows:

"Said plaintiffs complain of the defendant and say that heretofore, to wit, in the year 1847, one James Foster was the owner in fee of the land hereinafter described; that after the location and construction of the canal hereinafter described, plaintiffs acquired through conveyance from said James Foster all his interest in said land, including the servient estate hereinafter set out. Said land is described as follows: * * *

"That heretofore, to wit, in the year 1847, while the said James Foster was the owner of said land, the trustees of the Wabash and Erie Canal, under the acts of the General Assembly of the State of Indiana, by their officers, entered upon and constructed across and upon said land a canal, known and designated as the Wabash and Erie Canal, and, in so doing, erected and constructed channels and embankments, water-ways, towpaths and beds for the water therein; and for many years thereafter, to wit, until the committing of the grievances hereinafter named, thereby and by reason

of said canal so constructed and completed, the plaintiffs who were in possession of the land adjoining said canal, being the remainder of said land so owned by the said Foster after the said canal was constructed, were possessed of many valuable privileges in the way of water for stock, conveniences and valuable drainage, and many other convenient and valuable ways of easier approach from any portion of said land to the other portions thereof. The plaintiffs aver that, when said canal was so constructed, said James Foster was compensated for the land so taken by said canal-bed, and in estimating his damages therefor, the rights, privileges and benefits aforesaid were taken into consideration and charged to him as a part of the compensation which he, as the owner of said adjoining land, would derive from the construction of said canal.

"That the defendant is a railroad corporation organized under and by virtue of the general laws of the State of Indiana, and as such corporation has constructed its railroad from the city of Evansville, Indiana, to the city of Terre Haute, over and upon the towpath and embankment so constructed by said Wabash and Erie Canal; that the defendant, said railroad company, has purchased all the right, title, interest and franchises of said board of trustees of the Wabash and Erie Canal in and to the lands aforesaid, on which said canal-bed, channel, towpath and embankment were constructed, and that the same were duly conveyed to the defendant by proper deeds of conveyance in terms purporting to convey said land in fee simple, but without the consent and without first having caused to be assessed to plaintiffs damages therefor, or tendered to them payment of any damage whatever, it has taken possession of and constructed its railroad upon said land as aforesaid and is now operating the same thereon.

"That, in the construction of said railroad, the defendant dug down a portion of said embankment, and destroyed the water-ways, channel and canal-bed, and placed on the tow-

path of said canal its cross-ties and iron rails and its railroad, and thereby separates the plaintiffs' land, leaving a portion of the plaintiffs' land on either side of the same, obstructing its passage-ways over said canal. That before the construction of said railroad upon said towpath, through said land, said canal had been abandoned, and the plaintiffs had repossessed themselves thereof; and the plaintiffs aver that, upon the abandonment of said canal as a canal, and upon the repossession of the same by the plaintiffs, the title to said towpath and canal-bed, and the fee thereof, which was in abeyance, thereby reverted to the plaintiffs, and, inasmuch as the trustees of said canal had no power to convey said property other than for canal purposes, the defendant took no title from said canal trustees except for canal purposes, and, by reason of the premises, the title to said land so occupied by said railroad company was and is vested in the plaintiffs. That the defendant, through its officers, is operating, and threatening to operate, said railroad over said land without payment of compensation to the plaintiffs, and to their injury in the sum of one hundred dollars, and if the defendant is not enjoined it will continue so to make and operate its railroad.

"That defendant is in possession of said real estate, and has been for three years last past, without the plaintiffs' consent, and claiming title thereto adversely to the plaintiffs, to their damage one hundred dollars. Wherefore, unless the defendant is enjoined by this court, it will waste and destroy the plaintiffs' rights aforesaid, and enjoyment of said land and valuable franchises aforesaid, and render it unsafe for said plaintiffs to enjoy their rights and privileges aforesaid, as the owners of the servient estate in said land, over which the said canal passes, in the same manner and to the same extent that they might, could and would do but for the construction of said railroad, whereby said lands of the plaintiffs will be depreciated in value to the amount of one hundred dollars.

" Wherefore the plaintiffs pray that the defendant may be enjoined from operating or maintaining said railroad over said lands without having compensation first assessed and tendered to the plaintiffs, and judgment for the possession of said real estate and for one hundred dollars damages, and all proper relief."

We are of opinion that the court below did not err in sustaining appellee's demurrer to the foregoing complaint. It is shown by the averments of such complaint, that the land in controversy herein is the land in Pike county whereon the canal known as the Wabash and Erie Canal, and its channels, embankments, water-ways, towpaths and beds for the water therein, were constructed under and by the State of Indiana, and its successors, pursuant to certain acts of the General Assembly.

By section 8 of the act of January 19th, 1846, to provide for the funded debt of this State, and for the completion of the Wabash and Erie Canal to Evansville, it was made the duty of the Governor, in the name and under the seal of the State of Indiana, to execute and deliver to the board of trustees of the Wabash and Erie Canal a deed or patent for the bed of such canal and its extensions, from the Ohio State line to Evansville, including its banks, margins, towpaths, etc. In their complaint herein, the plaintiffs alleged, as we have seen, that the defendant railroad company had purchased all the right, title, interest and franchises of the board of trustees of the Wabash and Erie Canal in and to the land in controversy herein, whereon such canal-bed, channel, towpath and embankment were constructed, and that the same were duly conveyed to such defendant by a proper deed of conveyance, in terms purporting to convey such land in fee simple.

The question is presented by appellants' complaint, and this is the only question for our decision in this case: What estate, title or interest had the board of trustees of the Wabash and Erie Canal in the land in controversy herein prior

to and at the time of the conveyance thereof by such board to the defendant railroad company, under and by force of the taking thereof and the construction thereon of such canal-bed, channel, towpath and embankment, and the conveyance of the same by and in the name of the State of Indiana to such board of trustees? The same question, substantially, has been considered and decided by us in so many previous cases, to be found in our reports, that it can not now be regarded as an open question in this court. *Water Works Co.* v. *Burkhart,* 41 Ind. 364; *Nelson* v. *Fleming,* 56 Ind. 310; *Cromie* v. *Board, etc.,* 71 Ind. 208. It was held in the cases cited, where lands had been taken, occupied and used, under the series of laws which provided for the construction of the Wabash and Erie Canal, that the estate taken in such lands was an estate in fee simple, and not a mere easement therein.

In *City of Logansport* v. *Shirk,* 88 Ind. 563, in speaking of the cases last cited, it was said : " We acquiesce in, rather than approve of, the doctrine of these cases upon the question first stated. This we do, not because the decision of the question, in either of the cases, meets the full approval of our judgments, but for the reason stated in the case last cited (*Cromie* v. *Board, etc., supra*), that since the decision of the *Burkhart* case, 41 Ind. 364, 'large rights may have been acquired on the faith of that decision, that would be utterly destroyed by overruling it. The case is one of the class to which the doctrine of *stare decisis* applies with all its force.' " *Rockhill* v. *Nelson,* 24 Ind. 422; *Goodtitle* v. *Kibbe,* 9 How. 471, 478; *Schori* v. *Stephens,* 62 Ind. 441.

Nearly fifteen years have now elapsed since this court decided, in *Water Works Co.* v. *Burkhart, supra,* where lands had been taken and used, under the laws which provided for the construction of the Wabash and Erie Canal, that the estate so taken in such lands was an estate in fee simple, and not a mere easement therein. Upon the faith of that decision, we may well suppose that, during those years, large

investments have been made in the lands so taken and used for the construction of the Wabash and Erie Canal, and to that extent the decision in that case must be regarded as a "rule of property." For this reason, we can not now hold that where lands were so taken and used for the construction thereon of such canal, and its channels, embankments, water-ways, towpaths and beds for the water thereof, any less estate was taken or acquired in such lands than an estate in fee simple. *Schori* v. *Stephens, supra.*

The judgment is affirmed, with costs.

