169    333'
32 SC  590|

169    333
f222   1528

# John P. Jones, Appellant, v. Erie & Wyoming Valley Railroad Company.

[Marked to be reported.]

### Railroads—Right of way—Presumption.

The presumption arising under the general railroad laws that a railroad company takes, when it enters by virtue of the right of eminent domain, the full breadth of sixty feet for its right of way, is only applicable where the entry is adverse and upon property subject to seizure or appropriation under general laws. It does not apply to the entry upon a public street, whether such entry be made under the authority of the act of assembly incorporating the company, or by virtue of municipal consent.

### Railroads—Grant of right to use highway.

The grant to a railroad company of the right to enter, cross, or pass along a highway is, in the absence of a clearly expressed intention to the contrary, a grant subject to the existing public right of use, and is to be exercised in such manner as shall interfere as little as possible with those for whose benefit the way was originally laid out and opened.

### Railroads—Crossing streets by overhead structure.

Where a railroad company has permission to cross the intersection of two streets by an overhead structure, the use of so much space only as is necessary for the purpose of making the passage is authorized; and the grant is exhausted by the building of the overhead crossing, and nothing more can be done without a new grant. In such a case, the company has no right of way in the streets outside of the terms of the grant by virtue of which it enters.

### Railroads—Width of right of way—Discretion.

A railroad company is not obliged to take the maximum width for a right of way which it is permitted to take under the general railroad laws, but can define the limits of its right of way so as to exclude therefrom whatever is not necessary to the operation and construction of its line.

### Railroads—Right to define boundaries—Time—Release.

While the proper time to make this definition is when the appropriation is made, the right to define its boundaries may be exercised afterwards, within a reasonable time.

Where a right of way has been located but there has been no actual taking of the plaintiff's land, and the railroad has been actually constructed and is in operation outside of the limits of plaintiff's boundaries, a release by the railroad company of plaintiff's land will operate as a definition of the limits of its right of way and prevent a recovery by the plaintiff for land not in actual use or within the limits so defined.

Argued Feb. 25, 1895.   Appeal No. 320, Jan. T., 1894, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1887,

No. 228, on verdict for defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.   Affirmed.

Appeal from award of viewers.

This was a proceeding to recover damages for the location and construction of the railroad of defendant upon plaintiff's lot in the city of Scranton.   The viewers having refused to award the plaintiff any damages, an appeal was taken by him. The verdict of the jury on the first trial was in favor of the defendant and the judgment entered thereon was reversed by this court: See Jones v. Railroad Co., 144 Pa. 629, where most of the facts appear.   Shortly after this reversal, the defendant filed a release of all claim to plaintiff's lot.   On the trial, the court below overruled the offer of the plaintiff to prove that the defendant's railroad was constructed over and upon Washington avenue and New street, in the city of Scranton, without the consent of the councils of the city. [3]

The bond tendered plaintiff by defendant at the time of the location of defendant's road recited that defendant had "located its railroad track near the property of the said John Jones, in the city of Scranton, and it is alleged by him that said property is and will be damaged thereby."

Plaintiff offered in evidence the record of a mortgage made by the defendant to the Farmers Loan & Trust Company in 1883, and covering " all the rights of way and lands now occupied or hereafter to be occupied or used in connection with " defendant's railroad.

The court refused to submit the case to the jury [2] and gave binding instruction for defendant. [1]

*Errors assigned* were, (1) the direction to find for the defendant; (2) the refusal to submit the case to the jury; (3) the ruling on evidence as above, quoting the bill of exceptions.

*H. M. Hannah* and *S. B. Price*, for appellant.—The location of a railroad constitutes the " taking," and the owner may recover damages though there should never be an actual, physical occupation of his ground: P. & R. R. Co. v. Obert, 109 Pa. 193; Jones v. The Railroad, 144 Pa. 629; Neal v. Pittsb. etc. R. R. Co., 31 Pa. 19; Western R. Co. v. Johnston, 59 Pa.

290 ; Beale v. P. R. R. Co., 86 Pa. 509 ; Pittsb. etc. R. Co. v. Commonwealth Co., 101 Pa. 192.

The tender of the bond and the location of the right of way vested the right in the company absolutely : McClinton v. R. R. Co., 66 Pa. 404 ; Fries v. R. R. Co., 85 Pa. 73 ; Hoffman's App., 118 Pa. 512 ; Keller v. R. R. Co., 151 Pa. 69 ; Wallace v. New Castle R. R. Co., 138 Pa. 168 ; Darlington v. United States, 82 Pa. 382.

The defendant cannot escape liability by abandoning a part of its right of way : Lake Erie etc. R. R. Co. v. Griffin, 107 Ind. 464 ; Reid v. Wall Twp., 34 N. J. L. 275 ; Randolph on Eminent Domain, p. 204.

The mortgage made by the defendant covered after-acquired property : P. W. & B. R. R. Co. v. Woelpper, 64 Pa. 366 ; Collins' App., 107 Pa. 590.   Therefore the release made by the defendant was insufficient.   Moreover, the railroad being a public highway (constitution of 1874, article XVII. section 1) neither the directors nor the company had any power to make this release : Pittsb. etc. R. R. Co. v. Bedford, etc. R. R. Co., 81* Pa. 111.

A railroad company chartered under the act of April 4, 1868, has no right to build its road in any city without the consent of the municipal authorities : R. & R. R. Co. v. Kensington, 33 W. N. C. 182.

A railroad company not empowered to use a street has no more right there than an individual : P. R. R. Co.'s App., 93 Pa. 150 ; P. R. R. Co.'s App., 115 Pa. 514 ; P. R. R. Co. v. Phila. Belt Line, 29 W. N. C. 202.

*Everett Warren, Edward N. Willard* and *Henry A. Knapp* with him, for appellee.—The company did not take the plaintiff's land actually, constructively or presumptively, as appears (*a*) by their locating their road where they did, away from plaintiff's land ; (*b*) by building and operating their road away from and outside of plaintiff's land for several years ; (*c*) by releasing any and all claim to plaintiff's land or any portion of it.

OPINION BY MR. JUSTICE WILLIAMS, July 18, 1895 :

This proceeding was begun upon the theory that an entry by

a railroad company upon the streets of a city is made by virtue of the right of eminent domain alone, and secures to the railroad company a right of way in and upon the streets so entered sixty feet wide, precisely as though the entry had been made upon the lands of a private owner. The plaintiff claimed that such a right of way would not only cover the street opposite his premises but reach over a few feet upon his lot; and this taking was the injury complained of. The case was tried in the court below upon the same theory. It came into this court by appeal and is reported in 144 Pa. 629. The question presented was over the power of the railroad company to define the boundaries of its right of way in such a manner as to take less than the maximum it was permitted to take under the general railroad laws. Confining our attention to the questions presented on the record, we held that the company had the power to define the limits of its right of way so as to exclude therefrom whatever was unnecessary to the construction and operation of its line. The proper time to do this we said was the time when the appropriation was made; but a failure to define its boundaries at that time did not take away the power to define them. This might be exercised afterwards within a reasonable time. The judgment was reversed and a new venire awarded. Upon the second trial the defendant company was permitted to file a paper defining the limits of its right of way as coincident with the street lines at the point where it was alleged the land of the plaintiff was invaded, and releasing any claim upon the plaintiff's land which it might have by reason of the location of its right of way. After the filing of this paper the learned judge of the court below directed a verdict in favor of the defendant. This appeal brings up the correctness of the ruling of the trial court upon this subject. The case was last tried upon the same theory as before. The right of the railroad company to the exclusive use of sixty feet for its roadway seems to have been assumed, and the contest was over the right of the company to renounce a part of that to which it might have laid claim, and leave its owner undisturbed. We concur in opinion upon this subject with the court below. If we assume the company had the right to locate its right of way in a public street in the same manner and of the same breadth as over the property of a private owner, we know of no rule of law

or public policy that compels a railroad company to take the utmost that it has the power to take. On the contrary it seems very clear that such company may withdraw from, and release to the owner, all of the sixty feet not necessary for the construction, maintenance and operation of its road ; and that when this is done the owner has no claim against the company for the land so released.

But we are not willing to affirm this judgment and leave it to stand upon the ground on which it was placed by the court below. There is another and more important question which, although not raised by any assignment of error, is plainly presented by this record, and is conclusive of this case. The defendant's bridge or overhead structure is located over the intersection of two of the streets of the city of Scranton. Permission to cross these streets was given by the municipal government. The rights of the railroad company upon and over them depend upon the terms of the municipal grant and not upon the provisions of the general railroad laws. Unless the grant confers in express words or by necessary implication the right to overhang these streets for a breadth of sixty feet, the railroad company acquired under it only a right of passage over them, and this authorized the occupancy of no more space than was reasonably necessary for the purpose of passage. The structure that was erected under this grant shows just what was reasonably necessary for the passage of the defendant's road over these streets, and is a definition by the company of its needs, and a construction by it of the municipal grant.

The presumption arising under the general railroad laws that a railroad company takes, when it enters by virtue of the right of eminent domain, the full breadth of sixty feet for its right of way, is only applicable where the entry is adverse and upon property subject to seizure or appropriation under general laws. It does not apply to an entry upon a public street, whether made under the authority of the act of assembly incorporating the company, or by virtue of municipal consent. In either case in the absence of express words, or their equivalent, giving an exclusive right to the street or to a defined part of it, the grant whether legislative or municipal will be construed most strongly against the grantee, and most favorably in aid of the previously existing public right of passage. The commonwealth is the

owner of the public highways. The municipality is charged with the duty of laying out and maintaining such highways as are necessary to accommodate the public within its territorial limits. A grant to a corporation of a privilege upon a highway, such as to enter, cross or pass along it is, in the absence of a clearly expressed intention to the contrary, a grant subject to the existing public right of use, and is to be exercised in such manner as shall interfere as little as possible with those for whose benefit the way was originally laid out and opened. The situation in this case is greatly simplified by the application of these principles. The railroad company has no express grant from the legislature or from the city of Scranton to occupy the whole of the space over the intersection of Washington avenue and New street.

It has permission to cross the intersection by an overhead structure, and this authorizes the use of so much space as is necessary for the purpose of making the passage, and no more. How much was needed is shown by the structure that was erected under the permission. The power of the railroad company under the grant was exhausted by the building of the overhead crossing that was authorized; and nothing more can be done without a new application from the company, and a new grant by the city. The company has no right of way in the streets outside the terms of the grant by virtue of which it enters, and what was done by the engineers in marking an exterior line for the right of way at this point was done without any lawful authority, and had no effect upon the rights of the plaintiff. It was a trespass ignorantly or lawlessly committed on the lot owner for which an action of trespass was the appropriate remedy. We had this precise question before us in the recent case of Pennsylvania Schuylkill Valley Railroad Co. v. Philadelphia and Reading Railroad Co., 157 Pa. 42. A grant had been made to one railroad company to pass along certain streets in the city of Reading. This grant was found in the act of assembly incorporating the railroad, and had also been formally given by the city. Subsequently the city gave to another company the right to pass along the same streets. It was objected that the first grant was exclusive, as the right of way of sixty feet covered the entire surface of the streets. But we held that in all cases where the grant to a railroad com-

pany is not in express words a grant of an exclusive use in a street, it must be construed as a grant of so much only as is reasonably necessary for the purpose of passage. Our brother DEAN stated the rule very clearly in that case and we can do no better than to repeat his words. He said " There can be no constructive appropriation of the whole of a public street, under a right of passage, that will be effectual to bar the right of the public to the part not in actual use for the purpose granted." This was merely a practical application to the facts of that case of the rule, formulated as early as Commonwealth v. Erie and North East Ry. Co., 27 Pa. 339, that " the powers of a corporation must be given in plain words or by necessary implication," and that powers not so given are withheld. It follows from what has been said that the defendant company has no right of way over the intersection of Washington avenue and New street except that which it actually occupies with its overhead structure.

It has no further right in the streets, and no right at all on the plaintiff's lands. The plaintiff having suffered from no entry upon his premises has no claim on the defendant in this form of proceeding; but must depend on his action to recover damages for the additional servitude which the overhanging of so much of the highway as would upon its vacation belong to him imposes. This subject was sufficiently discussed in Jones v. Erie and Wyoming Valley Ry. Company, 151 Pa. 30, and it is not necessarily involved in this case.

The judgment is affirmed.