Peoria, etc., R. Co. *v.* Attica, etc., R. Co.

THE PEORIA AND EASTERN RAILWAY COMPANY ET AL.
*v.* THE ATTICA, COVINGTON AND SOUTHERN
RAILWAY COMPANY.

[No. 18,371. Filed February 16, 1900.]

APPEAL AND ERROR.—*Complaint Challenged for First Time on Appeal.*—Where a complaint is first challenged on appeal, it will be held sufficient if each essential element of right of recovery is stated, even if so defectively as to make the complaint obnoxious to demurrer. *p. 221.*

TRESPASS.—*Injunction.—Complaint.—Averment as to Ownership of property* —A complaint in an action to enjoin defendant from trespassing upon certain described property, alleging that plaintiff purchased the property from the owner, and has ever since owned and occupied the same, is a sufficient averment of the kind and extent of plaintiff's title as against an objection made for the first time after judgment. *p. 221.*

SAME—*Pleading.—Title to Property.*—A complaint in an action to enjoin defendants from trespassing upon canal property alleged to be owned by plaintiff, which discloses that defendants, since a time prior to the abandonment of the operation of the canal, have maintained a bridge over the property, does not amount to an admission of a superior title in defendants to the ground under the bridge. *pp. 221, 222.*

SAME.—*Injunction.—Complaint.—Railroads.*—A railroad company, having purchased a canal and constructed its tracks along the tow-path of same, may maintain an action to enjoin other railroad companies that had maintained a bridge over the canal from appropriating the tow-path under the bridge on an allegation that plaintiff was the owner and in possession of the land and space under the bridge, and that defendants, forcibly and without right, were attempting to appropriate the same permanently to their own use to the exclusion of plaintiff. *pp. 222, 223.*

SPECIAL FINDINGS.—*Railroads.—Right of Way.—Title.—Injunction.*—In an action by a railroad company to enjoin other companies from appropriating its right of way, a finding that the original owner of the land platted same, and the land in question appeared by the plat to be a street, does not overcome other findings showing plaintiff to be the owner in fee of the land, where it was not shown that the street was ever accepted by the public, and the street was never used, opened or improved, and could not be, on account of the topography of the place. *pp. 223–225.*

From the Fountain Circuit Court. *Affirmed in part and reversed in part.*

*John T. Dye, B. K. Elliott* and *W. F. Elliott,* for appellants.

*W. V. Stuart, E. P. Hammond, D. W. Simms, E. P. Hammond, Jr.,* and *C. M. McCabe,* for appellee.

BAKER, J.—Suit by appellee for injunction. Complaint in one paragraph. Answer, general denial. Special finding of facts and conclusions of law. Judgment, perpetual injunction against defendants. Joint and several motions for new trial overruled. Separate errors assigned: The complaint does not state facts sufficient to constitute a cause of action; each conclusion of law is wrong; and the motions for new trial were erroneously overruled.

The defendants were: The Peoria and Eastern Railway Company; The Cleveland, Cincinnati, Chicago and St. Louis Railway Company; The Indianapolis, Bloomington and Western Railroad Company; The Ohio, Indiana and Western Railway Company, E. A. Peck and J. A. Barnard. The first two companies and Barnard perfected a term-time appeal, and filed separate assignments. The I. B. & W. R. Co. has not appealed. The O. I. & W. R. Co. and Peck severally assigned errors under the act of 1895 (Acts 1895, p. 179); §638a Horner 1897, §647a Burns Supp. As there was no evidence against these last two defendants, they may at once be dismissed from consideration.

The complaint was filed in February, 1892. It charges in substance that the P. & E. is the owner and the C. C. C. & St. L. is lessee of a line of railroad through Covington, in Fountain county, of which Barnard is superintendent; that defendants built their line sometime prior to September, 1872; that in doing so they carried their line over the Wabash and Erie Canal, where the canal was located on and adjacent to part of out lot one of the town, by means of a trestle or bridge about sixteen feet above the tow-path of the

canal; that the canal ceased to be operated about September, 1872; that the bridge ever since has been maintained practically as first built; that it rests partly on, and in places is supported by piles driven in, what was canal property; that in 1880 plaintiff purchased from the owners of the property of the Wabash and Erie Canal all of the canal property in Fountain county including the part where the canal was crossed by defendants' bridge, and afterwards constructed its railroad on the tow-path under the bridge that constituted the road-bed of defendants, from the north to a point fifty feet south of the bridge; that for twelve years last past plaintiff has been in actual ownership, control and occupancy of its road on the tow-path under the bridge; that in 1882 plaintiff notified defendants in writing that it had purchased and was the exclusive owner of the canal property, including the part under the bridge, and would build and operate its road thereon; that defendants never controverted this claim nor attempted to interfere with plaintiff's possession until the doing of the acts herein complained of; that plaintiff built its track under the bridge, with the knowledge and acquiescence of defendants; that, although defendants have used, repaired and controlled the structure as located in the air, none of them has any claim of ownership to the land or space under the bridge or on either side thereof, but the ownership and occupancy have been continuously in plaintiff and its predecessors in title, and on the faith thereof plaintiff has expended large sums of money; that defendants, forcibly and without right, are threatening and attempting to seize and appropriate permanently to their use plaintiff's property under the bridge and to fill up the entire space with piling, ground and stone, and will continue, etc., unless restrained, etc.

There was no demurrer to the complaint. It will therefore be held sufficient if it states facts enough to bar another action. *Xenia, etc., Co. v. Macy*, 147 Ind. 568. The complaint comes here aided by the curative virtues of the find-

ing and judgment. If a complaint is tested by demurrer, all inferences and intendments are taken against the pleader. If a complaint is first challenged after judgment, all inferences and intendments are taken in favor of the pleader, and there must be a total failure to state some essential element of right of recovery to render the complaint insufficient. If each essential element is stated, even if so defectively as to make the complaint obnoxious to demurrer, the defects are cured by the verdict or finding.

, The first objection urged against the complaint is that it fails to state the extent of appellee's estate in the land— whether in fee, or an easement, or a license. The allegation that "plaintiff is the owner", without stating the kind of title, has been held sufficient against demurrer. *Burt* v. *Bowles*, 69 Ind. 1; *Steeple* v. *Downing*, 60 Ind. 478. Appellee alleged that in 1880 it purchased the canal property from the then owner, and has ever since owned and occupied the land in question. Appellee's title and that of its predecessors is stated generally as an "ownership". This is not a total omission of an essential allegation, but is at most an indefinite and uncertain averment that will be deemed cured after judgment, if it needed such aid.

It is said next that the complaint affirmatively shows that appellants have a title to the land and space in controversy superior to appellee's. It is true that the complaint discloses that appellants, since a time prior to the abandonment of the operation of the canal, have maintained a bridge over the property; but the controversy related solely to the right to use the ground and sixteen feet of space under the bridge. Appellee in no way seeks to curtail the right of appellants to maintain their structure as originally erected. That right was not in issue. To concede that right, in view of the averments that appellee is owner and that appellants, forcibly and without right, are attempting permanently to occupy appellee's property, was no admission of any right in appellants to the ground and space in question. Appellants claim that

a railroad company, because it is chartered to build, maintain and operate a railroad, has the right to change the character of its road-bed at will wherever it has established a foot in possession, to the extent of holding the utmost it could acquire in any case; and cite *Indianapolis, etc., R. Co.* v. *Rayl*, 69 Ind. 424, *Prather* v. *Western Union Tel. Co.*, 89 Ind. 501, and *Campbell* v. *Indianapolis, etc., R. Co.*, 110 Ind. 490. If the cases support the contention, they are in conflict with the later decisions. *Fort Wayne, etc., R. Co.* v. *Sherry*, 126 Ind. 334, 10 L. R. A. 48, and the authorities therein collated. But in *Indianapolis, etc., R. Co.* v. *Reynolds*, 116 Ind. 356, it was said of the three cases in question: "We entertain a different view of these decisions. They decide, in effect, that where a railroad company enters upon land and takes possession of, and occupies a right of way of the full width authorized by law, or by its charter, no limitation upon its right to do so appearing, it will be conclusively presumed that it appropriated the lands so occupied or taken possession of to the full width allowed by law." Here, the entry was upon the lands of a public canal, and the only authorized purpose was to carry the track across the canal property in such a manner as not to interfere therewith. Clause 5 of §3903 R. S. 1881 and Horner 1897, §5153 Burns 1894. The possession taken under that right was limited to the erection of the bridge. And such possession was evidence of the canal proprietor's concession of right to that extent, but no greater. *Jones* v. *Erie, etc., R. Co.*, 169 Pa. St. 333, 32 Atl. 535, 47 Am. St. 916. The canal proprietor's estate was servient to appellants' easement as so acquired, and the bridge was notice of that fact and nothing more. This disclosure of appellants' right to maintain the bridge does not touch, much less destroy, the averments that appellee and its predecessors have always owned and occupied the ground and space under the bridge.

It is finally insisted that the complaint is insufficient to warrant an injunction. The particular claim seems to be

that the theory of appellee's complaint is that appellee is entitled to an injunction to protect its railroad track, crossing under appellants' track, and that if appellee has no right to a railroad crossing, it has no right to an injunction. Appellants assert that appellee, to secure the right to a crossing, "was bound to proceed under the statute". Not so. If appellants had any title to or interest in the land and space taken possession of by appellee, they might acquiesce in appellee's proceeding in disregard of the statute, and might be estopped from questioning appellee's right if large expenditures had been made upon the faith of such acquiescence. But appellants had no rights in the ground and space used by appellee. Therefore, this was not a railroad-crossing case. On the allegations that appellee was the owner and in possession of the land and space under the bridge, and that appellants, forcibly and without right, were attempting to appropriate the same permanently to their own use, to the exclusion of appellee, the legal theory of the complaint is that a landowner is entitled to have an intermeddler restrained from erecting a permanent obstruction on his property. That a landowner, under such circumstances, may maintain injunction, is clear. *Indiana, etc., R. Co.* v. *Allen*, 113 Ind. 581; *Xenia, etc., Co.* v. *Macy*, 147 Ind. 568. The intermeddler has no right to inquire, and it is entirely gratuitous for the landowner to state, how he is using or intends to use his own property.

What has been said concerning the sufficiency of the complaint disposes of nearly all the questions made on the special finding. The finding shows that the proprietor of the land platted an addition of out lots in 1845. On the plat was marked a street running east and west along the north side of out lot numbered one. The street has never been used, opened or improved, and can not be on account of the topography of the place, but has never been vacated. In 1846 the Wabash and Erie Canal was constructed across this platted street and out lot one from north to south. In 1870

appellants' bridge was constructed over the canal property. The only right ever obtained to do so was the acquiescence of the canal proprietor and the town authorities. The bridge diagonally crosses above the intersection of the canal property and the platted street. The question is whether or not the finding in reference to the platted street overcomes other findings that show appellee's title in fee to the land under the bridge. Marking a street on a plat does not create a street. There must be an acceptance by the proper local authorities or by general public user. *Lightcap* v. *Town of North Judson, ante*, 43. Whether or not the public could now accept the offer is immaterial. What was offered to the public was an easement, not the fee. Elliott on Roads and Streets 309-311, and cases cited. The fee remained in the proprietor of the plat. When appellee acquired the fee in the abutting lots on both sides of the platted street at the place in controversy, appellee became the owner of the fee in the platted street. So, even if the public might now accept the proffered easement, that fact would not enlarge appellants' easement nor prevent appellee from using the fee in any way it chose that did not interfere therewith.

The contention that the canal proprietor acquired only an easement, and that, upon the abandonment of the operation of the canal, there was no estate to convey to its grantee, is wholly without merit. An estate in fee simple was taken and transmitted. *Water Works Co.* v. *Burkhart*, 41 Ind. 364; *Nelson* v. *Fleming*, 56 Ind. 310; *Cromie* v. *Trustees, etc.*, 71 Ind. 208; *City of Logansport* v. *Shirk*, 88 Ind. 563; *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134, 46 Am. Rep. 580; *Shirk* v. *Board, etc.*, 106 Ind. 573; *Frank* v. *Evansville, etc., R. Co.*, 111 Ind. 132; *Collett* v. *Board, etc.*, 119 Ind. 27, 4 L. R. A. 321.

Appellee proved by a witness that the platted street hereinbefore mentioned had never been used or opened. Appellants had introduced the plat in defense. On rebuttal, appellee introduced the evidence to which objection was

made. As the plat did not prove the existence of a street, and as there was no evidence of an acceptance, and as proof of an easement in a third person would not controvert appellee's proof of title in fee, appellee may have undertaken an unnecessary labor, but of that appellants need not complain.

Appellants urge that they ought to have a new trial because the court did not include in the finding any reference to a deed, introduced in evidence, from appellee to the Lodi and Montezuma Railroad Company. The deed was for a right of way outside of and beyond the ground owned by appellee on which appellants were threatening and attempting to erect a permanent embankment. This deed was properly omitted from the finding, and should have been excluded from the evidence.

Judgment affirmed as to the Peoria and Eastern Railway Company, The Cleveland, Cincinnati, Chicago and St. Louis Railway Company and J. A. Barnard; judgment reversed as to The Ohio, Indiana and Western Railway Company and E. A. Peck.