## LEWIS TOWNSHIP IMPROVEMENT COMPANY
## *v.* ROYER.

[No. 5,645.   Filed March 8, 1906.   Rehearing denied May 29, 1906.]

1. PLEADING.—*Complaint.—Levees and Dikes.—Statutes.*—Under §7222 Burns 1901, Acts 1889, p. 104, §21, a formal complaint by the complaining party in an assessment of damages and benefits on account of the construction of levees and dikes is unnecessary.   p. 154.

2. APPEAL AND ERROR.—*Complaint.—Initial Attack on Appeal.*—A complaint attacked for the first time on appeal will be held sufficient if it contains facts sufficient to bar another action for the same cause.   p. 154.

3. PLEADING.—*Complaint.—Recital of Evidence.—Motion to Make More Specific.*—A complaint should not plead the evidence; and if a complaint is obscure a motion to make more specific is the remedy.   p. 154.

4. LEVEES.—*Assessment of Damages.—Prospective.*—In the assessment of damages on account of the construction of a levee, all damages, present and prospective, should be included. p. 154.

5. WATERS AND WATERCOURSES.—*Obstructions.—Liability.*—Any person obstructing a watercourse to the 'damage of another, whether negligent or not, is liable therefor.    p. 155.

6. CONSTITUTIONAL LAW.—*Eminent Domain.—Damages.—Delegation of Power.*—The legislature cannot delegate the power of eminent domain so as to take private property without compensation.    p. 155.

7. PLEADING.—*Complaint.—Levees.—Assessment of Damages.*—On appeal to the circuit court from an assessment of damages for the construction of a levee, a complaint showing that the appellant is the owner of certain real property in fee simple; that the appraisers erred in the assessment of damages as to such property; that his damages are $1,200 instead of $90 as assessed; that he is the owner of another tract and is damaged therein $1,200, and that said assessment gave him nothing, and praying that an issue be made and the cause tried, is sufficient to state a cause of action when attacked for the first time on appeal to the Appellate Court.    p. 155.

8. APPEAL AND ERROR.—*Bills of Exceptions.—Whether in Record.*—Where ninety days were given on April 11, in which to file bills of exceptions, and a bill was filed July 11, it was too late and consequently is not in the record, the rule being to exclude the day on which time was granted and to include the last day. p. 155.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Proceedings for the establishment and construction of a levee. From the assessment of damages against Samuel Royer the Lewis Township Improvement Company appeals. *Affirmed.*

*McNutt & Shattuck* and *Rawley & Hutchison,* for appellant.

*A. W. Knight* and *S. M. McGregor,* for appellee.

COMSTOCK, J.—Appellee appealed to the Clay Circuit Court from the assessment of damages and benefits to certain lands owned by him, as provided by §7222 Burns 1901, Acts 1889, p. 104, §21.

MAY TERM, 1906. 153

Lewis Tp. Improv. Co. *v.* Royer—38 Ind. App. 151.

On June 4, 1902, under the provisions of §7222, *supra,* he filed his statement in writing in the office of the clerk of the Clay Circuit Court, substantially as follows: The undersigned, Samuel Royer, hereby appeals to the Clay Circuit Court from the assessment of damages and benefits made by William Arney, Walter B. Ringo and Nathan D. Stwalley, appointed by the Board of Commissioners of the County of Clay to assess the benefits and damages in the matter of the proceedings of the Lewis Township Improvement Company to construct a levee along the west bank of Eel river in Clay county, Indiana, and which said assessment was dated May 10, 1902, in which said appraisers assessed the damages of the undersigned at $90, and the benefits at $40, and which said assessment was filed for record in the recorder's office of Clay county, Indiana, on May 16, 1902, and was recorded in miscellaneous record No. 12, at pages from 381 to 385. The undersigned is now, was at the time of said assessment, and for a long time prior thereto had been, the owner in fee in his own right of said real estate. Said appraisers erred in the assessment of the damages which will be sustained by the undersigned by reason of the construction of said levee, in this, to wit: Said land is now of the reasonable value of $30 per acre, but the construction of said levee will cause Eel river to overflow the same to such an extent that it will be and become wholly worthless, whereby the undersigned will be damaged in the sum of $1,200, instead of $90, as assessed by said appraisers. The undersigned further shows that he is also the owner in fee simple in his own right, and was such owner at the time of the assessment, of another tract of land, which is now and was at the time of said assessment of the reasonable value of $1,200, but that if said levee is constructed it will cause the waters of Eel river to overflow the same to such an extent that the same will become wholly worthless, whereby he will be damaged in the sum of $1,200, whereas said appraisers did not

assess to him any damages as to said last-described real estate. Wherefore he prays that a transcript of said proceedings be made out and certified to the Clay Circuit Court, to which he appeals from said assessment, that an issue may be made, etc. The cause was put at issue by general denial, submitted to a jury, a verdict returned fixing the damages at $495 and benefits at $40, and judgment rendered for the amount of benefits and damages so fixed.

The first specification of error challenges the sufficiency of the complaint for want of facts. It is questioned for the first time in this court. The objection urged against it is that it does not show that any of the legal rights of the appellee were affected by the construction of the levee and that the damages sought to be recorded are remote and consequential. A formal complaint is not required under the statute. §7222, *supra.*

Where the sufficiency of a complaint is tested for the first time by an assignment of error in this court, it will be held sufficient if it contains facts enough to bar another action for the same cause. *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563; *Loeb* v. *Tinkler* (1890), 124 Ind. 331, and cases cited.

It is also urged against the complaint that it contains nothing to show how the construction of the levee would cause the water to overflow the levee. That would be to plead evidence. A motion to make more specific would meet that objection. It is also claimed that the complaint does not allege that the appellant in its proceedings to construct said levee was negligent. This is not a suit for the negligent construction of a levee, but an appeal from an assessment of damages under the statute; and in this appeal all damages, present and prospective, must be assessed, because it will be presumed that all matters affecting the land were considered when the original assessment was made. *Rehman* v. *New*

*Albany, etc., R. Co.* (1893), 8 Ind. App. 200.   There are many authorities to the effect that when the original assessment has been made for the taking of land and compensation paid therefor, a corporation occupying the land under legislative authority granted for the purpose of constructing a work of public utility may interfere with a running stream to the damage of another, without being liable, unless it is guilty of some negligence in constructing the improvement. Some of these authorities are cited by appellant, but they are not applicable to the case at bar.   Neither an individual nor a private corporation, without legislative authority, can interfere with a running stream to the damage of others, whether negligent or not, without being liable.   The legislature could have no power to grant a corporation, in the original taking of property, the privilege of taking land under the right of eminent domain, without just compensation.   *Bellinger* v. *New York Cent. Railroad* (1861), 23 N. Y. 42; *New York, etc., R. Co.* v. *Hamlet Hay Co.* (1898), 149 Ind. 344.

The complaint before us is clearly sufficient to bar another action for the same cause and the specification of error cannot be sustained.   The only other alleged error discussed is the refusal of the court to give to the jury certain instructions requested by appellant. Appellee, while insisting that these instructions do not correctly state the law, contends that they cannot be considered because the evidence is not in the record. *Adams* v. *Vanderbeck* (1897), 148 Ind. 92.   The record shows that on April 11, 1904, the court gave appellant ninety days within which to file bills of exceptions. It further shows that on July 11, 1904, the appellant presented a bill of exceptions containing the evidence to the court for signature and filed the same with the clerk on that day.   Adopting the usual mode of computation, excluding the first and including the last day, we have in

April nineteen days, in May thirty-one days, in June thirty and in July eleven days, making a total of ninety-one days, showing that the bill was presented, signed and filed on the day following the time limited by the court. It was therefore not in the record. *Watt* v. *Board, etc.* (1892), 133 Ind. 132; *McFadden* v. *Owens* (1898), 150 Ind. 213. We have, however, considered the instructions and conclude that there was no error in their refusal.

Judgment affirmed.