# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Beard.

[No. 7,739.   Filed January 7, 1913.]

1. PLEADING.—*Complaint.—Sufficiency.—Objections on Appeal.*—A complaint, in an action for the wrongful appropriation of a highway, alleging that the ground appropriated was a highway and dedicated to the public for that purpose, and used by the public as a highway for more than thirty years, with the permission, consent, acquiescence and donation of defendant, was, in the absence of a motion to make more specific, sufficient, on the theory of dedication, to bar another action, and is good as against an attack made for the first time on appeal.   p. 106.

2. APPEAL. — *Questions Reviewable. — Motion for New Trial. — Briefs.*—Where appellant's brief contains neither a copy of the motion for a new trial, nor its substance, and does not disclose that such motion was filed, that it was overruled, or that an exception was taken, there is a total failure to comply with the rule requiring appellant's brief to contain a concise statement of so much of the record as fully presents every error and exception relied on, with references to the pages and lines of the transcript, so that an assignment of error in overruling such motion cannot be considered.   p. 106.

3. APPEAL.—*Judgment.—Presumptions.—Burden of Showing Error.*—On appeal every presumption is indulged in favor of the correctness of the judgment of the trial court, and the burden is on appellant to show error, and to point out the same substantially in the manner required by the rules.   p. 107.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Lou S. Beard against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Enloe & Pattison* and *Frank L. Littleton,* for appellant.
*Doan & Orbison* and *Thad S. Adams,* for appellee.

ADAMS, J.—This appeal is taken from a judgment in favor of appellee and against appellant, for the alleged wrongful appropriation of a highway, which provided the only means of going to and from appellee's property.   The errors relied on for reversal are (1) that the complaint does

not state facts sufficient to constitute a cause of action, and (2) that the trial court erred in overruling appellant's motion for a new trial.

It will be noted that the sufficiency of the complaint is challenged only by the assignment of errors.  The objection urged is that the theory of the complaint,

1.  whether that of dedication to the public or of user by the public for the statutory period, does not appear.  The averment in the complaint in this regard is "that said strip of ground was a highway and dedicated to the public for that purpose, and used by the public as a highway for more than thirty years from the 20th day of October, 1870, with the permission, consent and acquiescence and by the donation of this defendant company."

We do not deem it necessary to determine the theory of the complaint.  No motion was made to make the complaint more specific, or that appellee be required to separate her causes of action into paragraphs.  The well-settled rule is that a complaint will be held good when attacked for the first time on appeal, if sufficient to bar another action.  The complaint before us is clearly sufficient on the theory of dedication to bar another action.  *Southern R. Co.* v. *Roach* (1906), 38 Ind. App. 211, 215, 78 N. E. 201; *Lewis Tp. Improv. Co.* v. *Royer* (1906), 38 Ind. App. 151, 154, 76 N. E. 1068; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160, 164, 77 N. E. 1040; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568, 572, 47 N. E. 147; *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.* (1900), 154 Ind. 218, 221, 56 N. E. 210; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 421, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200.

The further error relied on for reversal is the overruling of appellant's motion for a new trial.  A careful examination of appellant's brief fails to disclose a copy of

2.  the motion for a new trial or the substance thereof, or any reference thereto, except by remote inference.

It is not shown that appellant filed a motion for a new trial, that the same was overruled, or that an exception was taken. The rules of this court require that appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. In this respect appellant's brief wholly fails to comply with the rules of this court, and for that reason, under the repeated decisions of the Supreme Court and this court, the second error relied on cannot be considered. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678, 680; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 69 N. E. 546, and cases cited; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335, and cases cited; *Bartholomew* v. *Grimes* (1912), 51 Ind. App. 614, 100 N. E. 12.

In the recent case of *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73, it is said: "When an appeal is taken to this court, every presumption is indulged in favor of the correctness of the judgment of the trial court. The burden is on appellant to show error in the decision and judgment appealed from, and the error complained of must be specifically pointed out, substantially in the manner provided by the rules. This court will not search the record for errors on which to reverse a judgment."

The judgment is affirmed.

NOTE.—Reported in 100 N. E. 392. See, also, under (1) 31 Cyc. 82; (2) 2 Cyc. 1013; (3) 3 Cyc. 275.