Filed Dec. 17, 1886.

No. 11,903.

## THE CITY OF INDIANAPOLIS v. EMMELMAN.

CITY.—*Negligence.*—*Excavation in Stream at Street Crossing.*—*Knowledge that Children Play in Vicinity.*—*Safeguards.*—*Liability.*—Where a city, while constructing a bridge, makes an excavation in the bed of a shallow stream where it is crossed by a street, and constructs a levee from the bank to the pit, and, knowing that the children of persons residing near are accustomed to play in the vicinity, leaves it, in the absence of workmen, without safeguards of any kind, by reason of which a child five

The City of Indianapolis *v.* Emmelman.

years old while at play, without any fault on the part of its parents, falls into the pit and is drowned, it is liable in an action for damages.

SAME.—*Evidence.*—*Safety of Stream Prior to Excavation.*—Where, on the trial of the action, the mother testified to the general character of the stream and to its comparative safety for children before the excavation was made therein, further testimony that she had never, before the death of her child, heard of any one being drowned in the stream, is admissible.

SAME.—*Liability for Injury to Child.*—The liability of a city is the same where a child, rightfully in a street, sustains an injury from a defect created therein by the city, as where an adult, who is free from fault, is injured from a like cause.

SAME.—*Negligence of Parents.*—Negligence can not be imputed to parents who permit a child of tender years to go to a place where it has a right to be, and at which there is no reason to suspect danger, and which is safe, unless another is guilty of a breach of duty.

From the Marion Superior Court.

*C. S. Denny, D. V. Burns* and *W. L. Taylor,* for appellant.
*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellee.

MITCHELL, J.—This action was brought against the city of Indianapolis by Henry Emmelman, to recover damages for wrongfully causing the death of the plaintiff's infant son.

The complaint charges that, on the 23d day of July, 1883, the city of Indianapolis was engaged in constructing a bridge over Pleasant run, a small stream of water running through a portion of the city, at a point where Spruce street crossed the above mentioned stream. It is alleged that preparatory to the erection of the proposed bridge, the city caused a deep square hole to be dug in the bed of the stream, which hole had abrupt perpendicular sides, and which became and remained filled with water. During the progress of the work, the city constructed a levee or dam from the edge of the stream out to the hole, so as to prevent the water from standing in the bed of the stream between the hole and the north bank, and in such manner as to afford an easy approach over the levee to the pit or hole.

It was averred further that a large number of families, having small children, resided in the immediate neighborhood

of the crossing of Spruce street over the stream, and that many small children were accustomed to play in that vicinity, which fact was well known to the defendant.

The water outside of the hole was only a few inches in depth, yet the defendant, notwithstanding it knew all the facts, negligently failed to place any barriers or warning of danger about the pit, so as to prevent children from falling in, when its workmen quit the premises.

The complaint avers that the plaintiff had no knowledge of the existence of the pit, or of any danger in the vicinity, and that the boy was too young, being about five years old, to appreciate the danger. That on the date first above mentioned, the plaintiff's son, without any fault whatever on the part of the plaintiff, while the hole was so negligently left unguarded and exposed, fell into the pit and was drowned.

A demurrer to this complaint was overruled, and the propriety of this ruling is the first question presented.

The initial proposition upon which the appellant rests its argument against the sufficiency of the complaint is, that it does not appear from the facts averred that the city was guilty of any breach of duty, in respect to the plaintiff or his child. That the liability of the city can only be affirmed upon the theory that it has violated its duty in the premises, is too clear for serious controversy.

Speaking upon the subject as applied to an adult, this court, in the case of *Evansville, etc., R. R. Co.* v. *Griffin,* 100 Ind. 221 (50 Am. R. 783), used the following language : " Before it can be affirmed that the appellant was negligent, with respect to the transaction concerning which its omission is imputed to it as wrongful, it must appear that it was under some legal duty or obligation to the plaintiff, at the time when and place where the injury occurred, which was left undischarged. If it is liable at all, this is the foundation upon which its liability rests." *Lary* v. *Cleveland, etc., R. R. Co.,* 78 Ind. 323 (41 Am. R. 572).

In respect to cases such as we are considering, a learned

author says : "It is important to bear in mind, in actions for injuries to children, a very simple and fundamental fact, which in this class of cases is sometimes strangely lost sight of, viz., that no action arises without a breach of duty." 2 Thomp. Neg., p. 1183, note.

With this rule in view, and with the further concession that in dealing with cases which involve injuries to children, courts and juries have sometimes strangely confounded legal obligation with sentiments that are independent of law, it must nevertheless be kept in mind that wherever an adult may be without incurring the imputation of being an intruder, a child may also go, free from the like imputation. The same circumstances which would justify a recovery by one who had reached years of discretion, and had sustained an injury from the act of another, while free from fault, would justify a recovery by an infant of such years as to be incapable of fault, provided its parents or guardian were also guilty of no neglect which could be imputed tö the child. And so conversely, except when a child is seen in time so that injury to it might be avoided, persons who are lawfully using, or carrying on business on their own premises, are not liable for injuries to children, unless under the same circumstances they would have been liable to others who were equally free from fault.

The conclusion to be drawn from the approved cases on the subject is, that the owner of premises, who has neither expressly nor impliedly invited the public to come upon or pass over his grounds, is under no legal obligation to keep them free from pitfalls, or in a condition of safety, for those who in the pursuit of their own pleasure or convenience pass over such premises, even though it be with the acquiescence of the owner. Persons passing over premises of that description exercise the privilege with its attending perils, and this without distinction as to whether or not they have arrived at an age of discretion.

Unless contrivances are placed on such premises, with an actual or constructive intent to hurt intruders, the proprietor

is not liable for injuries resulting to persons, by reason of the condition in which the premises have been left, or from the prosecution of a business thereon, in which the owner had a right to engage. *Evansville, etc., R. R. Co.* v. *Griffin,* 100 Ind. 221, 225, and cases cited; *Gillespie* v. *McGowan,* 100 Pa. St. 144; *Gramlich* v. *Wurst,* 86 Pa. St. 74 (27 Am. R. 684); *Cauley* v. *Pittsburgh, etc., R. W. Co.,* 95 Pa. St. 398 (40 Am. R. 664); *McAlpin* v. *Powell,* 70 N. Y. 126 (26 Am. R. 555); *Hargreaves* v. *Deacon,* 25 Mich. 1; *Burdick* v. *Cheadle,* 26 Ohio St. 393 (20 Am. R. 767).

The foregoing and many other analogous cases, which might be cited, proceed upon the theory that the person sought to be held liable, had done nothing to produce injury to others who voluntarily strayed upon or invaded the premises on which the injury occurred.

In all such cases the owner may dig an excavation in his own land, not substantially adjoining a public highway, and no action lies against him by one who has fallen into the excavation. *Hardcastle* v. *South Yorkshire R. W. Co.,* 4 Hurlst. & Nor. 67; *Hounsell* v. *Smyth,* 29 L. J. 203 (7 C. B. N. S. 731); *Pittsburgh, etc., R. W. Co.* v. *Bingham,* 29 Ohio St. 364 (23 Am. R. 751); *Sweeny* v. *Old Colony, etc., R. R. Co.,* 10 Allen, 368; *Knight* v. *Abert,* 6 Pa. St. 472; *Nicholson* v. *Erie R. W. Co.,* 41 N. Y. 525.

But there is a clear distinction between the cases cited and the case where an excavation is made in or so near a highway as that one, while rightfully using the highway, may, without fault, sustain injury by falling into the excavation. Not less clear is the distinction between a case in which an excavation is made, or something calculated to amuse or attract children is done or left, at a place where the child has a right to be, and one in which the same thing is done at a place where, in order to reach the place of danger, the child becomes an intruder upon the premises of another.

Whoever while passing along, or when properly in a public street, suffers an injury, while exercising the degree of care

which the law requires of such persons, by falling into an excavation which has been made in or near such street, is entitled to maintain an action for such injury against the person making the excavation. In such a case, the person making the excavation comes under an obligation to make it safe in respect to all persons who have a right to use the street.

Streets are open to persons of all ages, and children are and must be permitted to some extent at least, to go upon the streets of towns and cities, without incurring the imputation of negligence upon themselves or their parents. It would be intolerable to hold as matter of law, that a parent, having no knowledge of the presence or probability of danger, was nevertheless guilty of negligence in permitting a five-year-old child to pass beyond the door yard into the street without an attendant. Whoever, therefore, does anything in, or immediately adjacent to a public street, calculated to attract children of the vicinity into danger, which they can not appreciate, owes the duty of protecting them by suitably guarding the source of danger, or in case this is impracticable, by giving timely warning to their parents and guardians of the existence of the danger. *City of Chicago* v. *Hesing*, 83 Ill. 204 (25 Am. R. 378); *City of Chicago* v. *Major*, 18 Ill. 349; *Niblett* v. *Nashville*, 12 Heisk. 684 (27 Am. R. 755); *Graves* v. *Thomas*, 95 Ind. 361 (48 Am. R. 727); *McAlpin* v. *Powell, supra; Beck* v. *Carter*, 68 N. Y. 283 (23 Am. R. 175); 2 Dillon Mun. Corp., section 1005.

The right of a child to go or be in or upon a street is in no way dependent upon the occupation or pecuniary condition of its parents. *Mayhew* v. *Burns*, 103 Ind. 328.

If a person of discretion, while attempting to pass over the stream in question, where it crossed Spruce street, had fallen into the pit into which the child fell, no doubt could be entertained that such person, if free from contributory fault, might have recovered for an injury sustained, or if the plaintiff, without knowledge of the pit, had permitted his horse to

go there for water, and it had fallen into the unguarded hole and had been injured, the liability of the city would have been beyond question.

As we have seen, the liability of the city is precisely the same in case a child, rightfully in a street, sustains injury from a defect created therein by the city, as in the case of an adult, who is injured while free from fault, from a like cause.

It would shock all sense of justice to hold that a city might dig a pit in a street and leave it so that children might be lured into it, and yet deny to parents, who were without fault, any remedy for the loss of a child.

Considered in the light of what has been said, it seems clear to us that the demurrer· to the complaint was properly overruled.

The excavation into which the appellee's son fell was made in Spruce street, at a point where it crosses Pleasant run. It was made in the bed of a shallow stream, and left alone unguarded on a July day, with knowledge that children were accustomed to play in the vicinity. The city must be held to know that children are attracted to such a place in July weather. They were not intruders. It was gross carelessness on the part of the city, with such knowledge, to leave an unguarded pit filled with water, in the street, into which an unsuspecting child might fall.

Any inference of neglect on the part of the appellee, which might otherwise have arisen, is repelled by the averment that both he and his wife were ignorant of the existence of danger at the place in question, and by the general averment that both the parents and son were without fault.

Upon issues made the case was tried by a jury, who returned a general verdict for the plaintiff, assessing his damages at $700, and also returned answers to interrogatories, which need not be further noticed, except to say they contain nothing which controls the general verdict.

It is next contended that the evidence fails to sustain the finding of the jury. It would serve no useful purpose to re-

hearse the testimony to any extent. An examination of it has led us to the conclusion that all the material averments of the complaint are fairly proved by the evidence.

Conceding all that has been contended for in respect to the condition of the pit, the levee, and the street and run at the time and place of the sad occurrence, the fact remains that the city made an excavation in a street, at a place where it knew children living in the vicinity were accustomed to play, and where they had a right to be, at all proper times, without being intruders upon the premises, or invaders of the rights of any one.

In the absence of the workmen, that the children went into the shallow stream to play, was precisely what the appellant might have expected. It owed them the duty to guard the pit in the street so that they might not fall into it and perish. Neither the father nor mother knew of, nor had they reason to suspect, any danger at the place in question. It was, therefore, not negligence to permit the child to be, with another, as the mother supposed it was, at such a place so near its home.

Over the appellant's objection the court permitted the appellee's wife to testify that she had never before the drowning of her son heard of any one being drowned in Pleasant run. In connection with all the other circumstances testified to by the witness, showing the character of the stream, and its comparative safety for children before the excavation was made, this was not objectionable.

Certain instructions were asked by the appellant and refused by the court. Without further reference to the instructions asked and refused, it may suffice to say, within the principles already referred to upon the subject of the appellant's duty and the circumstances under which the appellant would be guilty of contributory negligence, the instructions were properly refused.

Cases which impute negligence to parents who permit children of tender years to wander unattended in the vicinity of

and upon railroad tracks, or other places of known or probable danger, are not controlling in a case where, as here, a child is permitted to go to a place at which there is no reason to suspect danger, and which would have been safe but for the breach of duty of the appellant.

We find no error.

The judgment is affirmed, with costs.

Filed Nov. 16, 1886; petition for a rehearing overruled Dec. 17, 1886.