Thiele *et al. v.* McManus.

Filed Nov. 13, 1891.

———————◆———————

No. 135.

### Thiele et al. *v.* McManus.

Negligence.—*Personal Injury.— When Action will Lie.—Complaint.—*A complaint for personal injury through negligence must show a legal duty or obligation of the defendant toward the person injured existing at the time and place of the injury, which the defendant failed to perform or fulfil, and that the injury was occasioned by such failure.

Same.—*Protection of Premises.—Owner not Under Obligation to Licensee.—*The owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions, pitfalls, excavation, trapdoors or openings in floors for persons who go upon, into or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by his acquiescence or permission, and who, therefore, are mere licensees. Such a visitor enjoys the license subject to the attendant risks.

Same.—*Pleading.—Complaint.—Insufficiency of.—*A complaint for personal injury, through negligence, is insufficient which states that the defendants invited the public to visit the building, where the injury occurred, for the purpose of trade, and that it was a place of public resort for such purpose ; that the plaintiff, while properly and necessarily in said building, without fault on her part, fell through a hatchway, located in that part of the store-room used as a walkway, and where the customers of the defendants would and did naturally go in trading and inspecting their goods, but which fails to show that the plaintiff was one of the

class of persons so invited to visit the premises. If the complaint be considered sufficient to show that the plaintiff was not a trespasser, it can not be regarded as showing that she was in the place of danger by invitation of the defendants, or as showing more than that she was a mere licensee.

From the Warrick Circuit Court.

*A. C. Tanner* and *W. W. Ireland,* for appellants.

*J. S. Buchanan* and *C. Buchanan,* for appellee.

BLACK, J.—This was an action commenced in the superior court of Vanderburgh county, by the appellee against the appellants.

In that court a demurrer to the complaint having been overruled, and an issue of fact having been formed, the venue was changed to the Warrick Circuit Court, where the cause was tried by jury, and a verdict was returned for the appellee for four hundred dollars.

We are required first to determine whether the complaint was sufficient on demurrer.

It alleged that on, etc., the appellants were the owners and in possession and control of a certain building, the situation of which was described, in Evansville; that they occupied and used it as a business house, in which they sold stoves and tinware; that they invited the public to visit said house for the purpose of trade, and it was a place of public resort for such purpose; that upon said premises, and near the middle of the floor, in the first story, there is an opening, or hatchway, leading into the cellar; that said hatchway, or opening, is located in that part of said store-room used as a walkway, and where the customers of the appellants would and did naturally go in trading and inspecting their goods; that appellants so negligently constructed said opening, or hatchway, that it was unsafe; that " he " negligently and wrongfully failed to place any guards or protection around said opening; that " he " negligently and wrongfully failed to place any signal or warning of such trap, hatchway or

opening; that said opening, by reason of the manner in which the stoves were piled in said store-room, was in a dark place; " that by reason of said premises, they were dangerous and unsafe; that in consequence whereof plaintiff, while properly and necessarily in said building, without fault on her part, fell through said hatchway, or opening, by reason whereof she was greatly hurt and injured."

The character of her injuries and the nature of her consequent sufferings were described, the amount of her damages was stated, and judgment therefor was demanded.

A complaint for personal injury through negligence must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury, which the defendant failed to perform or fulfil, and that the injury was occasioned by such failure. *Sweeny* v. *Railroad Co.,* 10 Allen, 368; *Evansville, etc., R. R. Co.* v. *Griffin,* 100 Ind. 221 (50 Am. R. 783); *City of Indianapolis* v. *Emmelman,* 108 Ind. 530.

Such a duty arises out of some relation existing at the time between the person injured and the defendant, which the complaint, by the averment of facts should show.

The owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions, pitfalls, excavations, trap-doors or openings in floors for persons who go upon, into or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by his acquiescence or permission, and who, therefore, are mere licensees. Such a visitor enjoys the license subject to the attendant risks. *Evansville, etc., R. R. Co.* v. *Griffin, supra; City of Indianapolis* v. *Emmelman, supra; Sisk* v. *Crump,* 112 Ind. 504; *Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399; *Penso* v. *McCormick,* 125 Ind. 116; *Schmidt* v. *Bauer,* 22 Pac. R. 256; *Holmes* v. *Northeastern R. W.Co.,* L. R., 4 Exch. 255; *Mathews* v. *Bonsel,* 51 N. J. L. 30.

In the case last cited, a complaint for negligent killing

Thiele *et al. v.* McManus.

by machinery, which alleged that the deceased " was lawfully in said works and upon the premises aforesaid," etc., " as he had a perfect right to be," etc., " and being there engaged in a lawful and proper pursuit," etc., showed, it was held, only that the deceased was in the manufactory under a mere license from the defendants; and it was held that the cause of action stated in such complaint must appear to be such as would exist in favor of any person who was on said premises and not a trespasser; and that a manufacturer or other owner is not bound to fence his dangerous machinery in favor of a simple licensee.

The complaint in the cause now before us states that the appellants invited the public to visit the house in question for the purpose of trade, and that it was a place of public resort for such purpose. It shows that the appellee fell through a hatchway located in that part of the store-room used as a walkway, and where the customers of the appellants would and did naturally go in trading and inspecting their goods. It does not show that the appellee was one of the class of persons so invited to visit the premises. It states that the appellee, " while properly and necessarily in said building, without fault on her part, fell through said hatchway," etc.

If this be considered sufficient to show that the appellee was not a trespasser, it can not be regarded as showing that she was in the place of danger by the invitation of the appellants, or as showing more than that she was a mere licensee.

The complaint does not show that the appellants failed to perform any duty which they owed to the appellee, and, therefore, the court erred in overruling the demurrer.

The judgment is reversed, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

REINHARD, J., did not take part in the decision of this cause.

Filed Sept. 15, 1891; petition for a rehearing overruled Nov. 14, 1891.

## END OF MAY TERM, 1891.

# CASES

## ARGUED AND DETERMINED

### IN THE

# APPELLATE COURT.

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1891, IN THE SEVENTY-SIXTH YEAR OF THE STATE.