# MARTIN *v.* LOUISVILLE & JEFFERSONVILLE BRIDGE COMPANY ET AL.

[No. 6,290. Filed April 9, 1908.]

1. PLEADING.—*Complaint.—Interurban Railroads.—Defective Depot Premises.*—A complaint alleging that the defendant interurban railroad company leased "a portion or all" of a certain lot upon which it purposed the construction of an entrance to its station and waiting rooms, and that the defendant water company dug a trench across such lot, by reason of which, without knowledge thereof, the plaintiff, in attempting, in the night, to walk over

the traveled way across such lot, which had been used by the public for three years, fell into such trench, receiving injuries, states no cause of action against such interurban company. p. 498.

2.  PLEADING. — *Complaint.* — *Negligence.* — *Licensees.* — *Defective Premises.*—A complaint alleging that defendants bridge company and railroad company, owned a lot, upon which they were maintaining approaches to a bridge; that they had leased a portion or all of such lot to an interurban railroad company for the purpose of erecting a stairway to its station; that the public with the knowledge and consent of such companies, for three years, had used a way across such lot; that the defendant water company, at the request of defendants bridge company and railroad company, cut a trench across such way, leaving such trench unguarded, by reason whereof plaintiff, without notice, fell into same and was injured, states no cause of action, plaintiff being a mere licensee. p. 499.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Mary E. Martin against the Louisville & Jeffersonville Bridge Company and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Laurent A. Douglass,* for appellant.
*George H. Voigt* and *M. Z. Stannard,* for appellees.

COMSTOCK, J.—A demurrer for want of facts was sustained to appellant's complaint demanding $5,000 for personal injuries. Refusing to plead further, a judgment for appellees was entered. This ruling on the demurrer is assigned as error.

The complaint alleges that all of said defendants are corporations in the State of Indiana; that said Louisville & Jeffersonville Bridge Company, hereinafter designated as bridge company, was on November 24, 1905, and still is, a bridge corporation, and the owner of a certain bridge across the Ohio river, between Jeffersonville, Indiana, and Louisville, Kentucky, together with the necessary approaches, tracks and viaducts, some on either side of the river and used in connection with said bridge; that for the construction of said bridge approaches and viaducts, and for the use, operation and business thereof, said company became the owner and

possessed of a certain lot at the intersection of Mulberry and Market streets, in the city of Jeffersonville, Indiana, being a part of lot number eighty; that said defendant was on said November 24, 1905, and for more than ten years continuously prior to said date had been, the owner of said lot and lands; that for three years prior to said last-named date said lot had been uninclosed and vacant; that it is of a triangular shape, with ninety feet and three inches on Market street, and one hundred forty-one and one-half feet on Mulberry street, of which the following diagram is a correct representation, and which diagram is made a part

thereof; that defendant Cleveland, Cincinnati, Chicago & St. Louis Railway Company, hereinafter called the Big Four company, was, on said date, the owner of, and engaged in

operating, a railroad from Louisville, Kentucky, to various cities and towns in Michigan, Indiana, and other states; that, by an arrangement between the companies, said defendant railroad company controls and superintends the operation of said bridge company, and has the actual and substantial charge and direction of said bridge and property of said bridge company, approaches, viaducts, tracks, etc., including said described lot, and is the owner in fact of a large portion of said property of said company, including said lot, and runs its trains over said bridge and has control of all traffic over and thereon; that the defendant Louisville & Southern Indiana Traction Company, hereinafter called traction company, is the owner and engaged in the operation of a railway, using electricity as a motive power, and is the owner of a line running from Louisville, Kentucky, to New Albany, Indiana, and runs its cars over and upon said bridge; that by some contract the use of said bridge is granted or rented by said bridge company to said traction company, and said Big Four company for a certain sum, the exact amount of which is not known to plaintiff; that, after making said contract for the use of said bridge, said traction company constructed and erected a large steel approach to said bridge, running from Court avenue to Market street in said city of Jeffersonville, where it connected with the tracks on said bridge of the other defendant corporation; that said traction company obtained from said bridge company and said Big Four company the use of a portion or all of said described lot on which to locate a portion of its said approach and viaduct, and also for the purpose of constructing a certain stairway and entrance to a station and waiting-rooms of said traction company to be constructed by it immediately above said lot, all of which was prior to said November 24, 1905; that defendant Jeffersonville Water Supply Company was on said day, and is now, a corporation engaged in the business of supplying water to the city of Jeffersonville, and was duly empowered by law to dig trenches

in the streets and alleys of said city, and to dig ditches connecting said mains and pipes with the property of consumers; that for three years prior to November 24, 1905, the bridge company and the Big Four company had permitted the inhabitants of said city and the public in general to traverse and pass over said lot from Market street to Mulberry street and from Mulberry street to Market street, and a great many persons, to wit, as many as one hundred each day, had, with the knowledge and consent of said companies, passed and repassed over said lot, both in the day- and nighttime, as their usual and ordinary route of travel; that in doing so the public used two well-defined and well-beaten paths, one about twenty-five feet from the intersection of Mulberry and Market streets; that said use by the public in general was also known to the other defendants, to wit, said traction company and the Jeffersonville Water Supply Company at the time of the happening of the grievances hereinafter complained of, and had been known to them for two years prior thereto; that a short time prior to said November 24 said defendant traction company began the construction of said station and waiting-rooms at said place, and defendants, except the Jeffersonville Water Supply Company, contracted with defendant water supply company to connect its water-main on Market street with said station and waiting-rooms on said viaduct, and in so doing said defendant did, on November 24, 1905, dig a ditch eighteen inches wide and two feet deep on said Market street, across the north sidewalk thereon and through said lot to the part of the same underneath said station and waiting-room; that said lot was on said date uninclosed, and had been so open and uninclosed for two years; that before digging said ditch said defendant did not notify plaintiff or the public that it desired to, had or would revoke the permission to the public to use said lot as a passage and footway as aforesaid, and defendants did not notify plaintiff or the public that said

ditch had been dug; that after said ditch had been dug defendants negligently failed to place any signs, lights, notices or appliances of any kind to warn plaintiff or the public of the existence of said pitfall and ditch on and across said path, but negligently permitted the same to be and remain open and unguarded until after the happening of the injuries as hereinafter set out; that on the evening of said November 24, 1905, at about 8:15 o'clock, plaintiff was passing from Market street to Mulberry street in the usual manner, and in doing so passed along said beaten path and footway nearest Mulberry street; that the night was dark, and because of said negligent acts of said defendant water supply company in permitting said ditch to remain open, unguarded and without any light or signal thereon, and because of the negligence and failure of defendants to place any warning or signals of the existence of said ditch, plaintiff fell into the same, and was severely bruised, strained and injured. Then follow a description of her injuries and the demand.

As to the traction company, the complaint is insufficient. It avers that said company leased "a portion or all" of the lot. This amounts only to an averment that a portion 1. of the lot was leased. It does not appear that the ditch in question was across that part of the lot leased by said company. It is only shown that said company leased the use of a portion of said lot upon which it located its said approaches and viaduct, and also "for the purpose of constructing a certain stairway and entrance to a station and waiting-rooms of said defendant traction company to be constructed by it immediately above said lot." Possession is not alleged, nor control of any part of said lot, for any purpose other than the location of its approach and stairway by the traction company. It is not alleged that the traction company dug the ditch or caused it to be dug, nor that it had knowledge that the ditch had been dug.

It appears that the appellant was, on November 24, 1905,

at 8 :15 o'clock p. m., for her own convenience, using a path-
way across the premises in question, which appellees
bridge company and the Big Four company had suf-
fered and permitted the public to use for three years
prior thereto, and while so doing stepped into a ditch
eighteen inches wide and two feet deep, which ditch had been
on said day dug by the water-works company, and which had
been left unprotected by any guard, signal or warning.  Ap-
pellant was using the pathway for a short cut between streets.
It is not shown that she went upon the premises on account
of any business which she had to transact with any one of
said appellees.  There is nothing to show that she was on the
premises by reason of any invitation or inducement from
them, either express or implied.  That she was permitted to
pass over the ground in question, along with others of the
public, only shows that she was at the time of the accident a
licensee.

In *Lingenfelter* v. *Baltimore, etc., R. Co.* (1900), 154 Ind.
49, 52, the court say:  "The decisions of this court fully af-
firm and support the rule that where a person goes upon the
premises or lands of another, without any inducement or in-
vitation being held out to him by the owner or occupant, he
accepts the use of the premises subject to all the dangers in-
curred thereby in their use or enjoyment; or, in other words,
the law, as a general rule, does not cast the duty upon such
owner or occupant, under such circumstances, to exercise
care over the licensee, or to see that he does not incur dan-
ger, but he must accept his permission to go upon the prem-
ises with all the concomitant conditions and perils of such
premises, and as a general rule he cannot recover for in-
juries caused by obstructions or pitfalls thereon.  Of course,
this rule is subject to the exception that the licensor must not
wilfully or wantonly cause injury to the licensee."  The
opinion cites *Lary* v. *Cleveland, etc., R. Co.* (1881), 78 Ind.
323, 41 Am. Rep. 572; *Evansville, etc., R. Co.* v. *Griffin*
(1885), 100 Ind. 221, 50 Am. Rep. 783; *Indiana, etc., R. Co.*

v. *Barnhart* (1888), 115 Ind. 399, and cases cited; *Reardon* v. *Thompson* (1889), 149 Mass. 267, 21 N. E. 369; *Plummer* v. *Dill* (1892), 156 Mass. 426, 31 N. E. 128, 32 Am. St. 463; 3 Elliott, Railroads, §§1248-1250.

In *Reardon* v. *Thompson, supra,* it is said: "An open hole, which is not concealed otherwise than by the darkness of night, is a danger which a licensee must avoid at his peril."

In *Evansville, etc., R. Co.* v. *Griffin, supra,* at page 223, the court say: "To make the owner or occupant liable for an injury received by one passing over his premises, something more than a mere passive acquiesence in the use of his lands by others is necessary. So long as his lands are used by others, be it ever so frequent, for their own convenience, he is not liable. But if, by some act or designation of his, persons are led to believe that a way or path over premises was intended to be used by travelers, or others having lawful occasion to go that way, then as to such persons the owner or occupant comes under an obligation to keep it free from dangerous obstructions or pitfalls which might cause them hurt. The inducement must be equivalent to an invitation, either express or implied; mere permission is not sufficient." Citing *Carleton* v. *Franconia Iron, etc., Co.* (1868), 99 Mass. 216.

In *Pittsburgh, etc., R. Co.* v. *Simons* (1907), 168 Ind. 333, 340, the court say, in speaking of the obligations of rail-road companies to licensees to keep their premises free from danger and defect: "As we view the complaint, the pivotal point of the demurrer to the first paragraph is whether the facts alleged show the plaintiff to have been on the defendant's tracks, when injured, as a mere licensee or by invitation. If he was there for his own accommodation, though with the consent of the defendant, it should be held that the latter was under no legal obligation to make or keep the place safe. In such case the former would enter the premises at his own risk and enjoy his privilege with its attend-

ant perils. *Baltimore, etc., R. Co.* v. *Slaughter* (1906); 167 Ind. 330, 7 L. R. A. (N. S.) 597; *Lingenfelter* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 49; *Indiana R. Co.* v. *Feirick* (1902), 158 Ind. 621."

The use of the premises by permission or consent of appellees must be held to be only that consent which is implied from the public use, without objection of appellees, after knowledge of its use. It is mere acquiescence, and mere passive acquiescence in the use of lands by others is not sufficient to make the appellees liable for injuries received by appellant under the facts alleged.

It is argued that the record presents no question for review as against any of the appellees by reason of the form of the exceptons taken to the ruling upon the demurrer. For the purpose of considering the merits of the complaint, we have treated its sufficiency as properly presented.

Judgment affirmed.

Hadley, P. J., Rabb, Myers and Watson, JJ., concur; Roby, C. J., absent.