## EAST HILL CEMETERY COMPANY OF RUSHVILLE
### v. THOMPSON.

[No. 7,376. Filed March 28, 1912. Rehearing denied October 8, 1912. Transfer denied May 13, 1913.]

1. NEGLIGENCE.—*Complaint.*—*Sufficiency.*—*Trespassers.*—*Licensees.* —A complaint against a cemetery association for injuries on a defective bridge in the cemetery, charging that the injury was the result of the defendant's negligence, and that plaintiff was lawfully upon the grounds of defendant by and with the consent and invitation of defendant, sufficiently shows that plaintiff at the time of his injury was not a trespasser or a licensee. p. 420.

2. CEMETERIES.—*Cemetery Associations.—Liability for Negligence. —"Business."—"Charitable Association."*—There is nothing in the act of June 17, 1852, 1 R. S. 1852 p. 458, providing for the organization of cemetery associations, that prohibits an association organized thereunder from conducting a business for profit, or from paying salaries to its officers, or dividends to its stockholders, so that, in an action against such an association for injuries resulting from its alleged negligence, an answer from which it appears that defendant was in the business of selling burial lots and maintaining a cemetery, although not for profit, is insufficient on the theory that defendant is a charitable and benevolent association, and therefore not liable for the negligence of its officers and agents, since the officers were not administering a charitable trust, but were conducting a business. p. 421.

3. NEGLIGENCE.—*Condition of Premises.—Obligation of Owner.*—A cemetery association operated as a business organization, although not for profit, owes a duty to one who is upon its premises by invitation arising out of a common interest or mutual advantage, and a failure to perform such duty is actionable negligence. p. 422.

4. NEGLIGENCE.—*Condition of Premises.—Obligation of Owner.*—A cemetery association owes no duty to a mere licensee upon its premises, except that of protecting him against active negligence. p. 422.

5. NEGLIGENCE.—*Injury While on Premises of Another.—Implied Invitation.*—Where an implied invitation is relied upon in an action for personal injuries sustained while on the premises of another, plaintiff must show that his entry on the premises was for a purpose connected with the business of the occupant, or which is carried on there, and must show some mutuality of interest in the object of his business, although the particular object may not be for the benefit of the occupant. p. 426.

6. NEGLIGENCE.—*Dangerous Condition of Premises.—Trespassers.— Licensees.*—A cemetery is not a public park, conducted and maintained for relaxation and enjoyment, and one, who is not a lot-owner and has no relatives buried therein, who enters therein through an open gate, for no purpose involving mutuality with the business or object of the cemetery association, but purely for inspection of the premises and for pleasure, while not a trespasser, is a mere licensee and therefore not entitled to recover for injuries due to the defective condition of the premises, even though his entry is pursuant to a rule of the association providing that the gates shall be open to visitors at reasonable hours. p. 427.

From Fayette Circuit Court; *Will M. Sparks,* Special Judge.

Action by James A. Thompson against the East Hill Cemetery Company of Rushville. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*L. L. Broaddus, Douglas Morris* and *Watson, Titsworth & Green,* for appellant.

*Conner, Conner & Chrisman, J. F. Joyce* and *Smith, Cambern & Smith,* for appellee.

ADAMS, J.—Action by appellee against the appellant, to recover damages for personal injuries, received while on the grounds of the appellant, through alleged negligence, in failing to keep in repair a certain bridge crossing a small stream in appellant's grounds. The appellee suffered a broken leg, and recovered judgment for $3,000 in the court below. The complaint is in two paragraphs, the first alleging that the appellant is a voluntary association, doing business in Rush County, Indiana, pursuant to the laws of the State, as a cemetery company, selling lots, and making deeds therefor in the cemetery under its control. It is averred that on Sunday, September 3, 1905, the appellee was lawfully in and upon the grounds and premises of the appellant, by and with the consent and invitation of the appellant. The circumstances attending the injury, the negligence of the appellant, and the damages resulting therefrom are all averred and set out in detail. The second paragraph of the complaint is substantially the same as the first, with the additional averment that prior to the date of the accident, the appellant had passed and published certain rules and regulations, which rules were in full force on September 3, 1905, one of which provided that ''the gates of the cemetery grounds will be open for lot holders and visitors at all reasonable hours.''

The complaint was answered in two paragraphs, the second of which was in denial. In the first paragraph it is averred that the appellant was organized pursuant to the act of June 17, 1852. The articles of association are set out,

and it is averred that on July 15, 1859, the appellant purchased twenty acres of land, for the sum of $1,300, the deed therefor containing a clause that the land so conveyed was to be held by the trustees of appellant and their successors in office in perpetuity for the purpose of a cemetery; that each lot holder is a member of the corporation, and entitled to vote in the selection of trustees. It is also averred that the association was organized for charitable and benevolent purposes; that its object was to provide a place for the burial of the dead, and to maintain and keep the same in repair forever; that no capital stock was ever issued, and that the corporation has never declared nor ever paid any dividends; that its only source of revenue has been from the sale of lots for burial purposes in the cemetery grounds; that the funds derived from such sales have always been used in purchasing additional lands for cemetery purposes, and in maintaining and keeping the cemetery grounds in repair; that the association has no power to assess lot owners for the purpose of maintaining the cemetery; that there are more than 700 members of the corporation, who are lot owners in said cemetery; that the trustees have never charged, nor received any compensation for their services in transacting the business of the corporation; that all of the personal property of the corporation and the proceeds of future sales of lots will be required in maintaining the cemetery in reasonable repair.

1. Demurrers were overruled to each paragraph of complaint, and these rulings constitute the first errors assigned and argued by appellant. It will be noted that in each paragraph, it is averred that the injury was the result of the defendant's negligence, and that appellee "was lawfully in and upon the grounds and premises of the defendant by and with the consent and invitation of said defendant." We think these averments clearly show that the appellant at the time of his injury was not a tres-

passer or a licensee, and that a cause of action is stated in each paragraph of complaint.

2. Error is also assigned upon the sustaining of a demurrer to the first paragraph of answer. It is urged that this answer shows the appellant to be a charitable and benevolent organization, and therefore not liable for the negligence of its officers or agents. While it is averred that the association was organized for the purpose of providing a place for the burial of the dead, and not for profit; that it has no capital stock, has never declared dividends, and that its trustees draw no compensation for their services, yet it does appear that the appellant is in the business of selling burial lots, and maintaining a cemetery. The answer shows commendable public spirit on the part of the officers and members of the appellant, but there is nothing in the articles of association or in the law under which the appellant was incorporated that forbids the conducting of a business for profit, the payment of salaries to its officers or dividends to its stockholders. The officers of appellant were not administering a charitable trust, they were conducting a business, and we think there was no error in sustaining the demurrer to this answer. The remaining errors relate to the action of the court in overruling the motion for a new trial. That the verdict is not sustained by sufficient evidence, and is contrary to law are among the causes assigned for a new trial. This appeal must, therefore, be determined upon the evidence.

The appellee testified that he had never been in the cemetery before the date of his injury; that in company with his wife, he went to the cemetery; that the main gate was open, and he entered; that he was not a lot owner, and had no relatives buried there; that his purpose in going was for inspection and pleasure; that he had no knowledge of the rules of the company relating to the admission of visitors; that he went upon the bridge where he was injured

in response to a call from his wife to come over on the other side. It is obvious that the controlling question is whether appellee was upon the grounds by the express or implied invitation of appellant, or was there as a mere licensee. If he was there by the invitation of the

3. appellant arising out of a common interest or mutual advantage between him and the appellant, then the latter owed him a duty, and failure to perform that duty would give appellee a right of action, and entitle him to recover for any damages sustained by reason of appellant's negligence. If, on the other hand, appellee was a

4. mere licensee, the appellant owed him no duty, except to protect him from active negligence, which is not in this case, and he could not recover, for the reason that where there is no duty, there is no actionable negligence.

The exact question raised by the admitted facts in this case is one of first impression in Indiana, but we have a number of decisions, which we think bear upon the principle here involved. In *Evansville, etc., R. Co.* v. *Griffin* (1885), 100 Ind. 221, 50 Am. Rep. 783, the court said: ''The owner of premises is under no legal duty to keep them free from pitfalls or obstructions for the accommodation of persons who go upon or over them merely for their own convenience or pleasure, even where this is done with his permission. In such case the licensee goes there at his own risk, and, as has often before been said, enjoys the license with its concomitant perils.'' In *Thiele* v. *McManus* (1891), 3 Ind. App. 132, 28 N. E. 327, the court, at page 134, said: ''A complaint for personal injuries through negligence must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury, which the defendant failed to perform or fulfil, and that the injury was occasioned by such failure. *Sweeney* v. *Old Colony, etc., R. Co.* [1865], 10 Allen [Mass.] 368, 87 Am. Dec. 644; *Evansville, etc., R. Co.* v. *Griffin* [1885], 100 Ind. 221,

50 Am. Rep. 783; *City of Indianapolis* v. *Emmelman* [1886], 108 Ind. 530 [9 N. E. 155, 58 Am. Rep. 65]. Such a duty arises out of some relation existing at the time between the person injured and the defendant, which the complaint, by the averment of facts should show. The owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions, pitfalls, excavations, trapdoors or openings in floors for persons who go upon, into or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by his acquiescence or permission, and who, therefore, are mere licensees. Such a visitor enjoys the license subject to the attendant risks. *Evansville, etc., R. Co.* v. *Griffin, supra; City of Indianapolis* v. *Emmelman, supra; Sisk* v. *Crump* [1887], 112 Ind. 504, [14 N. E. 381, 2 Am. St. 213]; *Indiana, etc., R. Co.* v. *Barnhart* [1888], 115 Ind. 399, [16 N. E. 121]; *Penso* v. *McCormick* [1890], 125 Ind. 116, [25 N. E. 156, 9 L. R. A. 313, 21 Am. St. 211]; *Schmidt* v. *Bauer* [(1889), 80 Cal. 565], 22 Pac. 256 [5 L. R. A. 580]; *Holmes* v. *Northeastern R. Co.* [1869], L. R. 4 Ex. 255; *Mathews* v. *Bensel* [1888], 51 N. J. L. 30 [16 Atl. 195]." Other Indiana cases in harmony with the general principle above announced are, *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, 65 N. E. 591; *Martin* v. *Louisville, etc., Bridge Co.* (1908), 41 Ind. App. 493, 84 N. E. 360; *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 273, 90 N. E. 786; *Pittsburgh, etc., R. Co.* v. *Hall* (1910), 46 Ind. App. 219, 224, 90 N. E. 498, 91 N. E. 743; *Faris* v. *Hoberg* (1893), 134 Ind. 269, 33 N. E. 1028, 39 Am. St. 261; *Woodruff* v. *Bowen* (1893), 136 Ind. 431, 34 N. E. 1115, 22 L. R. A. 198; *Lingenfelter* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 49, 55 N. E. 1021; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 116, 88 N. E. 1073, 89 N. E. 485.

In the case last cited, the court said: "An invitation is implied where some benefit accrues or is supposed to accrue

to the party extending the invitation, or is in the interest of both parties, or consists in going upon premises upon the business of the owner.'' The principle underlying the holdings in these cases has been declared in Campbell, Negligence §33, and quoted in *Bennett* v. *R. R. Company* (1881), 102 U. S. 577, 26 L. Ed. 235, wherein Mr. Justice Harlan, delivering the opinion of the court, said: ''It is sometimes difficult to determine whether the circumstances make a case of invitation in the technical sense of the word, as used in a large number of adjudged cases, or only a case of mere license. 'The principle' says Mr. Campbell in his treatise on Negligence, 'appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.' '' Again in Campbell, Negligence (2d ed.) §33, it is said: ''Invitation, therefore, in the technical sense of the word, as implied in this class of cases, differs from invitation in the ordinary sense—implying the relation between host and guest. In the case of host and guest, it would be thought hard that the hospitality of the former should expose him to the responsibility implied by business relations. The guest must take the premises as he finds them, with any risk owing to their disrepair; although a host is bound to warn his guest of any concealed danger upon the premises known to himself.''

In *Hart* v. *Cole* (1892), 156 Mass. 475, 31 N. E. 644, 16 L. R. A. 557, action was brought against the owner of a building, consisting of several tenements, the occupants of which used outside steps as a common means of access to their apartments. The plaintiff attended a wake in one of the apartments, the deceased person not being shown to have been an acquaintance of the plaintiff, or that she was expressly invited to the wake, or in any way related to the occupants of the house. Plaintiff was injured in passing down the steps, by a defect therein. The court held that

the plaintiff was not on the defendant's premises by an invitation, express or implied, but that she was a mere licensee, and could not recover. At page 479, the court says: "Whatever ground there may be for holding that there is an invitation to relatives or near friends, there is no evidence to warrant the application of such a rule in this case; and there is no evidence, and there are no facts of common knowledge, to support it in reference to strangers. It may be true that strangers to a deceased person and to his family sometimes go to a dwelling-house and attend his wake or his funeral. But, in the absence of clear proof to support the contrary view, it must be held that such persons are mere licensees; and that the family of the deceased person in having a funeral or wake in their dwelling-house, do not invite the whole world to come there." In *Larmore* v. *Crown Point Iron Co.* (1886), 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718, an injury sustained from defective machinery by one who visited a coal shaft to secure employment, was held to create no liability, the visitor being but a licensee. In *Norris* v. *Hugh Nawn Contr. Co.* (1910), 206 Mass. 58, 91 N. E. 886, 31 L. R. A. (N. S.) 623, 19 Ann. Cas. 424, it was held that a newsboy who was permitted to go into a quarry to sell papers to the workmen and was injured, was a licensee, and could not recover for the negligence of the company. In *Converse* v. *Walker* (1883), 30 Hun 596, it was held that one who took refuge in an hotel to escape a thunderstorm, and was injured by a defective balcony, was but a licensee, and could not recover. In *Bedell* v. *Berkey* (1889), 76 Mich. 435, 43 N. W. 308, 15 Am. St. 370, it was held that a person visiting a store on business, which would imply an invitation, but was injured by falling into an open elevator shaft while strolling about the premises at his own will, could not recover.

In the leading case of *Plummer* v. *Dill* (1892), 156 Mass. 426, 31 N. E. 128, 32 Am. St. 463, it was held that where one goes to a building for his own convenience upon a mat-

ter which concerns himself alone, and not for the purpose of transacting business with any occupant, nor in the transaction of business for which the building is used, is a mere licensee, and cannot recover for injuries received on account of the unsafe and dangerous condition of the premises. In the opinion, at page 427, it is said: "If the place is open, and there is nothing to indicate that strangers are not wanted, he impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity. The mere fact that the premises are fitted conveniently for use by the owner and his tenants, and by those who come to transact such business as is carried on there, does not constitute an implied invitation to strangers to come and use the place for purposes of their own. To such persons it gives no more than an implied license to come for any proper purpose."

The English rule is that where the relation of host and guest obtains, where one comes upon an express invitation to enjoy the hospitality of another, he must take the house as he finds it and his right to recover for an injury occasioned by defects in the house is no greater than that of a mere licensee. *Southcote* v. *Stanley* (1856), 1 Hurl. & N. *247. This is clearly upon the principle that where the guest is receiving gratuitous favors, there is no duty to make the place where the hospitality is tendered safer for the guest than it is for the host. But in a case like

5. the one at bar, where no question of hospitality is involved, where an implied invitation is relied on, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which is carried on in the place visited. There must be some mutuality of interest in the object of the visitor's business, although the particular object may not be for the benefit of the occupant. Pollock, Torts (6th ed.) 492.

In the case of *George* v. *Cypress Hill Cemetery Co.* (1898), 52 N. Y. Supp. 1097, 32 App. Div. 281, 4 Am. Neg. Rep. 696,

cited and relied upon by appellee, it is held that ''A
6.  rural cemetery association, organized under the
Laws of 1847, so far from being a charitable
institution is a mere coöperative association for the
purpose of providing and maintaining a burial place with
the least possible cost to the individual, and is as strictly a
business transaction, dictated by business principles, as any
other enterprise in which the individual may be engaged.''
Assuming this to be true, it necessarily follows that a ceme-
tery association, being strictly a business organization, must
be governed by the rules of law which obtain with reference
to other business organizations, and, therefore, the Indiana
cases herein cited must be deemed to be in point.  In the
George case cited, the plaintiff was injured while planting
flowers on the grave of her deceased husband.  Likewise
in the case of *Dutton* v. *Greenwood Cemetery Co.* (1903),
80 N. Y. Supp. 780, 80 App. Div. 352, the injury was sus-
tained at a time when the plaintiff and his family were visit-
ing the grave of a deceased member of the family, and his
right to recover for injuries received through the negligence
of the defendant is unquestioned.  To the same effect is the
case of *Donnelly* v. *Boston Catholic Cemetery Assn.* (1888),
146 Mass. 163, 15 N. E. 505, cited and relied upon by ap-
pellee.  But the principle ruling in these cases is not wide
enough to include a case where one is not a lot owner, who
has no personal interest in the cemetery, who has no friends
or relatives buried there, but who goes upon the grounds
for his own pleasure, because he finds the gate open.

There is a line of cases, of which *Sweeney* v. *Old Colony,
etc., R. Co., supra,* is a leading one, in which it is held that
an implied invitation may arise by inducement.  In that
case, however, the inducement arose by a flagman at a rail-
road crossing signalling a traveler, who was using due care,
to cross the track, resulting in an injury, due to the negli-
gence of the flagman.  Again in *Holmes* v. *Drew* (1889),
151 Mass. 578, 25 N. E. 22, the inducement arose by the

building of a sidewalk upon private property, connecting at both ends with public sidewalks. This was held to be an inducement to the public to use the private way. There was no such inducement shown in the case at bar. It cannot be said that the beauty of the cemetery in and of itself constituted an inducement and an implied invitation to the public generally. Its beauty is rather a tribute of affection from the living to the dead, and is not designed as an allurement to those who go there from no motive of interest or sentiment, but from idle curiosity and to gratify a desire for diversion and pleasure. A cemetery is not a public park, conducted and maintained for relaxation and enjoyment. It is God's Acre; it is a sacred place hallowed by memories of those who sleep therein. No finer or more ennobling sentiment affects and colors the composite life of a people than that which enjoins respect and reverence for the city of the dead. But even if the appellee was a visitor within the meaning of the rule of the association that "the gates of the cemetery will be open for lot holders and visitors at all reasonable hours," and that he entered the grounds on account of the rule, which the evidence does not show, still, it cannot be said that his entry was upon an implied invitation of the appellant. Had appellee opened the gate and entered, he would clearly have been a trespasser, but by entering through the open gate, for no purpose involving mutuality with the business or object of the association, he did not become an invitee but a licensee. The open gate was not an invitation, but a permit to be enjoyed with its concomitant perils. By entering as he did, appellee violated no rule, and was in a place where he had a right to be, but he took the place as he found it, and no duty was owing him by the association, except to protect him from wilful injury. Under the admitted facts in this case, and upon the authority herein quoted and cited, we are constrained to hold that the appellee was upon the grounds of the appellant at the time of his injury by the

permission, and not by the invitation of the appellant.  He was, therefore, a mere licensee, and as such is not entitled to recover for any injuries growing out of the negligence charged.  This being true, it follows that the verdict of the jury was not sustained by the evidence, and is contrary to law.

The judgment is reversed, with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 97 N. E. 1036.  See, also under (1) 29 Cyc. 567; (2) 6 Cyc. 975; 6 Cyc. Anno. 975; (3) 29 Cyc. 455; (4) 29 Cyc. 449; (5) 29 Cyc. 454; (6) 29 Cyc. 451.  As to general nature of parol license to use land, see 31 Am. St. 713.  As to landowner's liability to person injured by reason of bad state of premises, see 31 Am. St. 524.  As to the duty of an owner of premises to protect licensee against hidden dangers, see 17 L. R. A. (N. S.) 916.  On the liability to trespasser or bare licensee from active as distinguished from passive negligence, see 36 L. R. A. (N. S.) 492.