## BARTHOLOMEW *v.* GRIMES.

[No. 7,768. Filed December 13, 1912.]

1. NEGLIGENCE.—*Complaint.—Allegations.—Duty.*—While a complaint for damages in a negligence case must show the violation of a legal duty owing by the defendant to the person injured, which resulted in the injury, it need not specifically aver that defendant owed such duty. p. 618.

2. NEGLIGENCE.—*Complaint.—Conclusions.—Allegation of Duty.*— The allegation, in a complaint in a negligence case, that defendant owed to plaintiff a legal duty, the violation of which caused the injury, is merely a conclusion and is insufficient in the absence of averments showing such relation between the parties, at the time of the injury, as will create the legal obligation or duty. p. 618.

3.  NEGLIGENCE.—*Complaint.—Allegation of Duty.—Sufficiency.*—A · complaint in a negligence case averring that defendant, a merchant, conducted a general hardware store, that by solicitation and advertisement he invited the general public to enter his store to purchase goods, and that plaintiff entered the store to make a purchase, and was invited and conducted by defendant to a place in the store near to an unprotected elevator opening, and that, while there, plaintiff fell into the opening and was injured, sufficiently shows the existence of a legal duty owing to plaintiff, the violation of which caused his injury.  p. 618.
4.  NEGLIGENCE.—*Contributory Negligence.—Complaint.—Sufficiency.* —In an action for injuries from falling into an elevator opening in defendant's store, a complaint alleging that it was dark and plaintiff could not see the opening and had no knowledge of its existence and no means of ascertaining such fact, and containing no specific averments affirmatively showing that he was guilty of contributory negligence, is sufficient as against the objection that it fails to show that plaintiff could not have discovered the elevator by the use of ordinary care, since under §362 Burns 1908, Acts 1899 p. 58, plaintiff is not required to negative contributory negligence.  p. 620.
5.  APPEAL.—*Briefs.—Failure to Set Out Motion for New Trial.*— Where there was a total failure by appellant to set out in his brief the motion for a new trial, or any of the grounds thereof, but the statement that "over appellant's motion for a new trial the court rendered judgment", and again, under the points and authorities, where a ruling of the court on a question of evidence is urged as error, the statement that the ruling is assigned as one of the reasons for a new trial, citing the page and line of the transcript, are the only references to such motion to be found in the brief, there has been no sufficient compliance with Rule 22 of the Supreme and Appellate courts, and such questions cannot be considered.  p. 621.

From Boone Circuit Court; *Willett N. Parr,* Judge.

Action by Thurman Grimes against Newton H. Bartholomew.  From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ira M. Sharp,* for appellant.

*Goldsberry & Goldsberry,* for appellee.

HOTTEL, J.—This is an appeal from a judgment for $400 in favor of appellee for personal injuries alleged to have been sustained by him in falling through an elevator open-

ing in appellant's store. A complaint in one paragraph and the general denial filed thereto present the issues of fact. A demurrer to the complaint was overruled and exceptions saved. This ruling presents one of the errors assigned and relied on.

The material averments of the complaint are in substance, as follows: On January 30, 1907, and for a year or more prior thereto, defendant was and had been in possession and control of a certain two-story and basement building, situated on Main street in Thorntown, Indiana, all of which building during said time was occupied by him as a general hardware store; that by solicitation and advertisement defendant was inviting and did invite the general public to enter said store and premises, and purchase such merchandise as he kept therein for sale; that on said day, and for many months prior thereto, defendant kept, maintained and managed a certain elevator in said store for the purpose of elevating and lowering freight and passengers from the basement to the second or top floor, and from floor to floor of said building; that said elevator was so arranged that it passed through the first or ground floor, and down to the bottom of the basement of said building; that the platform of said elevator and the opening for the passage of said elevator through the first or ground floor were about eight feet square; that the distance from the ground floor to the basement floor of said building was about eight feet, and the distance from the ground floor to the second floor was about fourteen feet; that the elevator was about the center of the east side of said building; that defendant had negligently and unlawfully failed to place guards or railing around the spaces or openings in the floors where said elevator passed through said floors, and that said aperture was so unprotected on January 30, 1907, at which time plaintiff entered said store and building, on the first floor thereof, for the purpose of buying merchandise of defendant; that the place where said elevator was located was very dark, and

that defendant negligently failed to keep any light burning to warn persons of the existence of said openings and of attendant dangers; that at the time plaintiff entered said store, and was conducted to the point where said elevator was located, defendant had negligently permitted said elevator to be hoisted to the second floor of said building, thus leaving said opening in the first floor unguarded and unprotected; that plaintiff, on entering said store on the first floor thereof, "was conducted and invited by the defendant to a point near * * * said elevator * * * and * * * the opening in said floor;" that it was dark at said point, and plaintiff could not see the opening in said floor, had no knowledge that it existed and no means of ascertaining said fact; that defendant did not notify plaintiff of said opening, and he, wholly without fault or negligence on his part, ran into and fell through said opening and into the basement of said building, striking his head, face and shoulders with great force on the floor of said basement, etc.; that all of his injuries were sustained wholly by the negligence of defendant, and without any fault or negligence on the part of plaintiff.

In support of the contention that the complaint is insufficient, appellant insists that it fails to state, (1) that appellant owed appellee any special duty to guard the elevator, to keep lights burning or to warn him of danger; (2) that the elevator was in that part of the store provided by appellant for the use of his customers in entering or leaving the store, or in the purchase or inspection of goods; (3) that the place in said store to which appellee was "conducted and invited" by appellant was a dangerous place; (4) that appellee could not have discovered the elevator by the use of ordinary diligence and caution; (5) that the condition of the elevator or the acts of appellant were the proximate cause of the injury; (6) that appellee was "conducted and invited by appellant to a point near where said elevator was situated," for the purpose of buying or inspecting goods.

There can be no controversy about the legal proposition insisted on by appellant, to the effect that a complaint for damages for personal injuries caused by the negligence of another must show a legal duty or obligation of defendant toward the person injured, existing at the time and place of the injury, which defendant failed to perform or fulfill, and that the injury was occasioned by such failure. It is not necessary, however, that the complaint shall in specific terms aver that the person charged with the injury "owed" a legal duty to the injured person. In fact, such an averment would be open to the criticism that it was a conclusion of law, and, in the absence of averments of specific facts supporting such conclusion, would be insufficient. See *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 252, 71 N. E. 218, 71 N. E. 660, and authorities cited. It is necessary that the complaint in such case shall aver facts showing such relation, existing at the time of the injury between the person injured and the party charged with the injury, as will create the legal obligation or duty. See *East Hill Cemetery Co.* v. *Thompson* (1913), 53 Ind. App. —, 97 N. E. 1036, 1038; *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* and cases cited.

The complaint in this case avers such facts. It is very different in this respect from the cases of *Thiele* v. *Mc Manus* (1891), 3 Ind. App. 132, 28 N. E. 327; *Dougherty* v. *Herzog* (1896), 145 Ind. 255, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. 204, and *South Bend Iron Works* v. *Larger* (1894), 11 Ind. App. 367, 39 N. E. 209, relied on by appellant. These cases, as well as others that might be cited, hold that "the owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions, pitfalls, excavations, trapdoors, or openings in floors for persons who go upon, into or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by

his acquiescence or permission, and who, therefore, are mere licensees. Such a visitor enjoys the license subject to the attendant risks." *East Hill Cemetery Co.* v. *Thompson, supra.* See, also, *Pittsburgh, etc., R. Co.* v. *Foust* (1913), 52 Ind. App. —, 99 N. E. 493 495; *Thiele* v. *McManus, supra,* 132, 134, and cases cited.

The case at bar differs from this line of cases, in that this complaint proceeds on the theory that appellee when injured was on appellant's premises, and that he was at the place where injured at the invitation of appellant. The court in the case of *East Hill Cemetery Co.* v. *Thompson, supra,* at page 1038, said: " 'An invitation is implied where some benefit accrues or is supposed to accrue to the party extending the invitation, or is in the interest of both parties, or consists in going upon premises upon the business of the owner' [*Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 116, 88 N. E. 1073, 89 N. E. 485]."

In the case of *Thiele* v. *McManus, supra,* the court at the conclusion of its opinion said concerning the complaint: "Nor is there anything to show that appellant by reason of any relation it sustained to the appellee was in duty bound to furnish him safe conduct through the premises such as he insists it was obligated to furnish him." The reason that the court made this observation was, as the opinion shows, because the averments of the complaint failed to show that the injured party was on the premises where injured at the invitation of the party charged with the injury, but that so far as affirmatively appeared from such averments he may have been on the premises as a trespasser or as a mere licensee.

The averments of the complaint at bar show not only that appellant was engaged in a business in a place to which the public generally was invited to trade, but it goes further and avers, in effect, that appellee went there as a customer to buy an article kept by appellant for sale, that he advised appellant as to the purpose of his visit, and ap-

pellant, to make the sale of the article desired, invited and conducted him to or near to the place where he received his injury. These averments supply the very omissions which caused the court in the case of *South Bend Iron Works* v. *Larger, supra,* and other cases relied on by appellant, to hold the complaint bad, and, we think, are sufficient to show that appellee, when injured, was in appellant's place of business at his invitation, as one of his customers, and that at the invitation and suggestion of appellant, for the purpose of making the purchase of the article he desired, he had been conducted to the place of his injury, or so near thereto that he, without his fault, fell through the elevator opening. Such averments show a relation existing between appellant and appellee at the time of his injury from which the law implies a duty on appellant's part to use ordinary care to protect appellee from the dangers of obstructions, pitfalls, excavations or openings in the floor, which appellee, in the transaction of his business with appellant, was liable to encounter. This conclusion, we think, is supported by all the authorities herein cited, including those cited and relied on by appellant.

The contention of appellant, that the complaint fails to show that appellee could not have discovered the elevator by the use of ordinary diligence and caution, is answered by the averments that "it was dark at said point, and that plaintiff could not see the opening in said floor, and had no knowledge that said opening existed and no means of ascertaining the same, that defendant did not notify plaintiff of said opening." In this connection it should be remarked that the plaintiff in such cases is no longer required to negative contributory negligence. §362 Burns 1908, Acts 1899 p. 58.

This complaint avers, in fact, that appellee was without fault or negligence, and it cannot be said that the specific averments affirmatively show that he was guilty of any negligence contributing to his injury. The causal connec-

Bartholomew *v.* Grimes—51 Ind. App. 614.

tion between appellee's injury and the negligence charged against appellant is also shown by the averments of the complaint. The demurrer to the complaint was properly overruled.

Certain instructions are set out in appellant's brief, and the giving of these instructions and the ruling of the trial court in permitting an answer to a question put to appellant on his cross-examination are urged as 5. errors. Appellant has wholly failed in his brief to set out his motion for a new trial, or any of the grounds thereof, or to indicate, except by inference, that any such motion was ever filed. He nowhere states that any exception was saved as to the ruling thereon, nor does he indicate the line or page of the record where such ruling or the exception thereto will be found. The only references made in the brief to such motion are near its beginning, when it is stated that ''over appellant's motion for a new trial the court rendered judgment,'' and again under points and authorities, in point six, where a ruling of the court in permitting a question to be put to appellant on cross-examination is urged as error, it is stated: ''This ruling is assigned as one of the reasons for a new trial. Transcript, page 15, lines 9 to 12.''

The brief in this respect evidences an entire lack of effort to comply with Rule 22 of this court, in so far as it attempts to present any question raised by the grounds of the motion for new trial, and for this reason such questions, under the repeated decisions of this court and the Supreme Court, will not be considered. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 294, 69 N. E. 546, and authorities cited; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284, 94 N. E. 338; *Schrader* v. *Myers* (1911), 48 Ind. App. 36, 95 N. E. 335, and authorities cited.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 12. See, also, under (1) 29 Cyc. 566; (2, 3) 29 Cyc. 567; (4) 29 Cyc. 575; (5) 2 Cyc. 1016-51 Anno. The authorities on the duty of a store or shopkeeper toward customer as to condition of premises are discussed in 21 L. R. A. (N. S.) 456.